[No. 2158.    Oct. 11, 1918.]
STATE ex rel. PEOPLE'S BANK & TRUST CO.
OF LAS VEGAS v. YORK et al.

### SYLLABUS BY THE COURT.

1. In the construction of a statute, in order to determine the true intention of the legislature, the particular clauses and phrases should not be studied as detached and isolated expressions, but the whole and every part of the statute must be considered in fixing the meaning of any of its parts.    P. 648.

2. *Held*, that the legislature by its amendatory act, appearing as chapter 70, Laws 1917, amending the Public Moneys Bill, appearing as chapter 57, Laws 1915, intended to provide that public moneys deposited with banks or trust companies under the provisions of the said act should be equitably distributed between all such banks and trust companies within the county upon the basis of the relative capital stock and surplus of said banks.    P. 646.

Appeal from District Court, San Miguel County; Leahy, Judge.

644 SUPREME COURT OF NEW MEXICO

State ex rel. Bank v. York, 24 ♀N. M. 643.

Mandamus by the State, on the relation of the People's Bank & Trust Company of Las Vegas, against John H. York and others, members of the Board of County Commissioners and ex officio County Board of Financce of the County of San Miguel. Judgment for defendants, and plaintiff appeals. Reversed, and cause remanded, with instructions.

### STATEMENT OF FACTS.

This is an action in mandamus, brought by the People's Bank & Trust Company of Las Vegas, N. M., against the board of county commissioners, acting as the county board of finance, of the county of San Miguel. The petition set up that the relator is a corporation having its place of business in the city of Las Vegas, and is authorized under the laws of New Mexico to receive on deposit public moneys of the county of San Miguel; that the relator, with other banks named in the petition, all being authorized under the law to receive on deposit public moneys of the said county, filed with the said board of finance certain proposals under the provisions of chapter 57, Laws 1915, agreeing to pay interest on daily balances of public funds deposited with them at the rate of 3 per cent per annum, and further agreeing to furnish a bond as provided by law; that the respondents, sitting as a board of finance, after receipt of the several proposals referred to, passed the following resolution, to wit:

"Be it resolved by the board of finance of the county of San Miguel and state of New Mexico, that the following named banks be and they are hereby designated as depositories of the moneys of the county of San Miguel upon qualifying therefor in the manner provided by law in the following proportions, to-wit: People's Bank & Trust Company of Las Vegas, New Mexico, up to the sum of $5,000.00; San Miguel National Bank of Las Vegas, New Mexico, up to the sum of $15,000.00; and, the First National Bank of East Las Vegas, New Mexico, up to the sum of $70,000.00. And, be it resolved that the clerk of this board give to the said banks due notice of this resolution."

It is further alleged by the petition of relator that it was the duty of the board of finance to fix the bonds

JANUARY TERM, 1918.    645

State ex rel. Bank v. York, 24 N. M. 643.

of said banks and trust companies and to direct the county treasurer to deposit funds in said banks upon their qualifying as such in an equitable manner and upon the basis of the relative capital stock and surplus of said banks, the proportion to which each bank would be entitled, based upon the capital stock and surplus thereof, being set out in said petition. The petition further continues, and alleges that the said board of finance refused to consider such proposals of the relator, and failed and still fails and refuses to consider the same, and declares that in its discretion it might discriminate against any bank authorized to receive the public moneys of the county of San Miguel and designate as depository of such moneys one or more banks in any amounts in its discretion, and refuse without cause to designate any other bank as a depository, or, if it did designate a bank or trust company as a depository, it mighht, in its discretion, fix the amount to be deposited in each of said banks and trust companies, regardless of the relative capital stock and surplus of said institution so applying for funds. The petition concludes with the usual prayer for relief.

The respondents appeared in answer to the petition, contending that the board of finance could designate the different banks and trust companies filing proposals to be named county depositories as a depository of the public moneys, and could fix the amount to be deposited with said banks and trust companies in any amount not exceeding 75 per cent. of the capital and surplus of said bank, in the discretion of said county board of finance. Upon submission of this issue, the trial court dismissed the alternative writ, therefore finding for the respondents, and rendering judgment accordingly, from which judgment this appeal has been prayed.

GEORGE H. HUNKER, of Las Vegas, for appellant.
CHESTER A. HUNKER, of Las Vegas, for appellees.

OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). While there are several assignments of error, they present but one question, which is whether or not the board of county commissioners, sitting as a board of finance, in the designation of depositories for publis funds, can exercise its judgment as to the proper depositories, and as to the amount for which each shall be allowed to qualify; or whether it must designate all banks and trust companies applying for funds, fixing the amount for each in accordancce with its capital and surplus.

[2] The question is to be disposed of by a consideration of the so-called ''Public Moneys Bill,'' passed at the session of the Legislature in 1915, appearing as chapter 57 of the Laws of that session. The sections of the act in question to which we find it necessary to refer are sections 11 and 12 of the original act, which sections were amended by chapter 70 of the Session Laws of 1917. As the amending act is the act now in force, which we are called upon to construe, we will set out these sections in full, as follows:

''Sec. 11. Any bank authorized to receive public moneys may file with the board of finance having control of any such moneys, a deposit of which is desired by such bank, its written proposal to receive such moneys on deposit, together with its agreement to pay interest on daily balances of such moneys so deposited at a rate of three (3) per cent per annum; and such board of finance shall, at its next meeting after the receipt of such proposal, open and consider the same, and if the same is found to be in accordance with the provisions of this act, shall thereupon notify such bank that upon its furnishing a bond or bonds or other security as provided in this act, it will be designated as a depository of such moneys in an amount to be fixed by said board, which amount, however, shall not exceed 75 per cent of the capital and surplus of such bank so applying to be designated as a depository of public moneys; and, upon the furnishing of such bond or bonds or other security authorized by this act, a certificate shall be issued to such bank by said board to the effect that such bank has qualified as a depository of public moneys.

''Sec. 12. The treasurer of every county, city, or town, or board in control, shall deposit the public moneys in one or more banks or trust companies within his county, which have qualified as depositories thereof under the provisions of this act: Provided, that public moneys so deposited shall be equi-

tably distributed between all of such banks and trust companies within the county so qualifying, upon the basis of the relative capital stock and surplus of such banks; but when no bank in his county shall have so qualified, or when he shall have in his custody public moneys in excess of the aggregate amount for which banks of his county shall have qualified, such moneys, or such excess, as the same may be, shall be deposited in a duly qualifieid depository or depositories in some other county in this state."

A comparison of the two sections in question with the sections bearing the same numbers as they appear in the original act of 1915 discloses that in section 11, after providing that any bank may file with the board of finance its written proposal to receive moneys on deposit, together with its agreement to pay interest at 3 per cent per annum, etc., and upon its furnishing a bond, will be designated as a depository of such moneys in an amount to be fixed by said board, the amending act added to the original act the following:

"Which amount, however, shall not exceed 75 per cent of the capital and surplus of such bank so applying to be designated as a depository of public moneys."

Section 12 of the amending act, or the act of 1917, was also substantially a copy of the same section appearing in the act of 1915, except that it added the following proviso:

"That public moneys so deposited shall be equitably distributed between all such banks and trust companies within the county so qualifying, upon the basis of the relative capital stock and surplus of such banks."

It is apparent that the trial court was of the opinion that the words appearing in section 11, as amended by section 1 of the act of 1917, "in an amount to be fixed by said board," vested a discretion in said board, which cannot be controlled or reviewed by mandamus. It is contended by appellant in this connection that there is only one limitation upon the action of the board; i. e., that it may not designate any bank as a depository for an amount exceeding 75 per cent. of its capital and surplus. Within this limitation, appellees contend, the board is to exercise its judgment in the same manner and to the same extent as it does as a board of county

commissioners in the handling of any other county business. We could agree with appellee's contention in this respect, were it not for the fact that the legislature by its amendatory act of 1917, in its addition to section 12 of the original act, made the proviso which we have pointed out supra, to the effect that all public moneys so deposited should be equitably distributed between all said banks and trust companies within the county so qualifying, upon the basis of the relative capital stock and surplus of such banks. It is our view of the matter that in arriving at the intention of the Legislature, it is necessary to consider the act as a whole, and the amendatory act would be of little effect, and would not materially change the original act, if the construction for which appellees contend is to prevail. Without the proviso in section 12 it doubtless would be within the discretion of the board of county commissioners, acting as a board of finance, to designate as depositories any bank or banks, inasmuch as the act as originally passed did not provide the funds should be. equitably distributed between all banks and trust companies qualifying under the law. If, therefore, we are to give the proviso in question the effect which the Legislature evidently intended, we must hold it to be a limitation upon the authority conferred upon the board of finance by section 11 of the amendatory act, which provides that the board may designate as a depository for public moneys in an amount to be fixed by said board. In other words, if the amount to be fixed by said board is within its discretion, the board could escape the necessity of depositing the public moneys equitably between all the banks and trust companies qualifying. To so hold would be to defeat the proviso of section 12, and we conceive it to be our duty clearly under all rules of statutory construction to construe the act in all its parts, so as to give effect to the intention of the Legislature.

[1] In Black on Interpretation of Laws (2d Ed.) p. 317, art. 99, it is said:

State ex rel. Bank v. Romero, 24 N. M. 649.

"In the construction of a statute, in order to determine the true intention of the legislature, the particular clauses and phrases should not be studied as detached and isolated expressions, but the whole and every part of the statute must be considered in fixing the meaning of any of its parts."

We therefore conclude that the Legislature, by its amendatory act, appearing as chapter 70, Laws 1917, amending the public moneys bill, appearing as chapter 57, of the Session Laws of 1915, intended to provide that public moneys deposited with banks or trust companies under the provisions of the said act should be equitably distributed between all such banks and trust companies within the county upon the basis of the relative capital stock and surplus of said banks.

From our conclusion it necessarily follows that the trial court was in error in rendering judgment for the respondents, and such judgment is therefore reversed, and the cause remanded, with instructions to proceed in accordance with this opinion; and it is so ordered.

PARKER and ROBERTS, JJ., concur.