[No. 2262. Oct. 22, 1918.]

STATE ex rel. FARMERS' & STOCKMEN'S BANK OF ESTANCIA v. ROMERO, County Treasurer.

SYLLABUS BY THE COURT.

*Held*, Laws 1915, c. 57, as amended by Laws 1917 c. 70, is not unconstitutional, as violative of that portion of article 4, § 24, of the Constitution, inhibiting the passage of local or special laws regulating county, precinct, or district affairs.

Error to District Court, Torrance County; Medler, Judge.

Mandamus by the State, on the relation of the Farmers' & Stockmen's Bank of Estancia, against Reymundo Romero, Treasurer of Torrance County. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions.

State ex rel. Bank v. Romero, 24 N. M. 649.

### STATEMENT OF FACTS.

This is an action in mandamus, brought by the Farmers' & Stockmen's Bank of, Estancia, against the county treasurer of the county of Torrance, seeking to compel him to deposit with relator its alleged fair proportion of the public moneys of said county, under and pursuant to the provisions of section 12 of chapter 57, Laws 1915, as amended by section 2 of chapter 70, Laws 1917. The complaint alleged that the relator had complied with all the provisions of the act in question, and had done everything necessary to entitle it to its fair proportion of the public moneys in the hands of the county treasurer; that it had been duly designated as a depository by the county commissioners of said county, acting as a board of finance; and that the defendant, the treasurer of said county, had wrongfully and without cause refused to distribute the public moneys of said county between the qualifying banks. therein upon the basis of their relative capital stock and surplus, and had refused to make a deposit of said funds with the relator.

FRANCIS C. WILSON, of Santa Fe, for plaintiff in error.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). The only question raised in this case concerns the constitutionality of the so-called "Public Moneys Bill," which is the foundation of plaintiff's right to invoke the remedy of mandamus, here asserted. The trial court held that this act was unconstitutional, in that it violated section 24 of article 4 of the Constitution, which places a limitation upon the powers of the Legislature in prohibiting the passage of local or special laws in certain cases, among others, local or special laws regulating county, precinct, or district affairs. The trial court said in its opinion that the law under consideration was local and special, as well as class legislation coming within the constitutional provision against such laws.

Tri-Bullion S. & D. Co. v. Ozark S. & M. Co., 24 N. M. 651

We have not been favored with a brief by defendant in error, but have carefully considered the brief of plaintiff in error, and ·cannot agree that the act in question can properly be denominated as local or special legislation, within the purview of the act in question. It is our opinion that the act is entirely general in its character, operating in every county throughout the state with like effect. This court has in a number of cases considered the question of what constitutes local or special legislation, and gave particular attention to that subject in the case of Borrowdale v. Board of County Commissioners, 23 N. M. 1, 163 Pac. 721, L. R. A. 1917E, 456, and does not deem it necessary to renew the observations therein set forth. It is our opinion, therefore, that chapter 57, laws 1915, as amended by chapter 70, laws 1917, is not unconstitutional, as violative of that portion of section 24 of article 4 of the Constitution, inhibiting the passage of local or special laws regulating county, precinct, or district affairs.

The only proposition determined in this case by the trial court, as we have heretofore indicated, was the constitutionality of the act, which was construed by this court in the recent case of State of New Mexico, upon the relation of the people's Bank & Trust Co. of Las Vegas, N. M., v. John H. York, et al., 24 N. M. 643, 175 Pac. 769, not yet officially reported.

For the reasons stated, the judgment of the trial court is therefore reversed and remanded, with instructions to proceed in accordance with this opinion; and it is so ordered.

PARKER and ROBERTS, JJ., concur.