112 P.2d 506

**STATE ex rel. DRESDEN v. DISTRICT COURT OF SECOND JUDICIAL DIST. IN AND FOR BERNALILLO COUNTY et al.**

No. 4609.

Supreme Court of New Mexico.

April 3, 1941.

Coors & Adams, of Albuquerque, for petitioner.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for respondents.

BICKLEY, Justice.

This is a case in which petitioner invokes the original jurisdiction of this Court for the purpose of asking that a writ of prohibition issue to the respondents restraining them from further proceedings in said cause against the relator.

Respondent Domingo A. Ortega, as administrator of the estate of Reuben Ortega, deceased, filed a complaint in the District Court of Bernalillo County against Birl O. Shepherd and Elliott Dresden, petitioner, for damages for death by wrongful act growing out of an automobile accident which occurred near Albuquerque. Summons was issued out of said court, and the court made an order as follows:

"Upon reading the verified complaint on file herein and the court being satisfied that Ch. 127, Laws 1931, has been complied with, it is hereby

"Ordered: That service of process on the defendant, Elliott Dresden, be made in the following manner:

"(1) A copy of the summons and complaint herein shall be personally served on the Secretary of State of New Mexico;

"(2) A copy of the summons and complaint herein, a copy of this order and a notice signed by the attorneys for plaintiff stating that a copy of the summons and complaint herein were personally served on the Secretary of State of New Mexico, pursuant to Ch. 127, N.M. Session Laws, 1931, and the date of such service, shall all be personally served on the defendant, Elliott Dresden, wherever he may be found outside the State of New Mexico, proof of such service to be made by affidavit."

Thereafter a copy of the summons and complaint were served on the Secretary of State of New Mexico. Then there was personally served on petitioner in California a certified copy of the summons, a certified copy of the complaint, a certified copy of the order of the District Court heretofore quoted, and a notice advising petitioner that a copy of the summons and complaint in the cause had been personally served on the Secretary of State pursuant to the provisions of Chap. 127, New Mexico Session Laws 1931. Petitioner later entered a special appearance and moved to quash the service, which motion was overruled and petitioner excepted. The question is: Do the provisions of Chap. 127, Laws 1931, require (1) that a copy of the court's order be served on the Secretary of State, and (2) that notice be delivered to the defendant personally that such copy has been served upon the Secre-

tary of State? We think the answer must be in the negative. Section 1 of the statute under consideration provides that the acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of New Mexico shall be deemed equivalent to an appointment by such non-resident of the Secretary of State to be his true and lawful agent upon whom may be served "all lawful process" in any action or proceeding against said non-resident, growing out of any accident or collision in which said motor vehicle may be involved while same is operated in New Mexico by said non-resident, and that said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served on the Secretary of State shall be of the same legal force and validity as if served upon him personally within the state. Section 2 treats of the manner of procuring and serving process in any action brought pursuant to Section 1. It is said that the plaintiff shall file a complaint setting forth certain enumerated facts to show to the court that the defendant is one of the persons contemplated in Sec. 1 of the Act. This is followed by the following sentence which requires interpretation: "Upon such showing being made, the judge shall make an order, directing that service of process be made on the defendant as provided in Section One hereof; and, also, that a copy of the process, and complaint, and of said order, and a notice that *the same* have been served upon the Secretary of State, pursuant to this act, be delivered to the defendant personally without the State." (Emphasis supplied).

It is the contention of petitioner that the italicized words "the same" refer to copy of the complaint and copy of the order, as well as to copy of the process, so that there is a strong inference that it must have been the intention of the legislature that a copy of the complaint and a copy of the order are required to be served upon the Secretary of State. In the construction of a statute, in order to determine the true intention of the Legislature the particular clauses and phrases should not be studied as detached and isolated expressions, but the whole and every part of the statute must be considered in fixing the meaning of any of its parts. State v. York, 24 N.M. 643, 175 P. 769. A statute should, if possible, receive such reasonable construction as will make all these parts harmonize with each other and render them consistent with its scope and object. Chetham-Strode v. Blake, 19 N.M. 335, 142 P. 1130. It is an elementary rule of construction of statutes that all parts of an act relating to the same subject should be considered together, and not each by itself. Sakariason v. Mechem, 20 N.M. 307, 149 Pac. 352.

Personal service on the defendant within the jurisdiction of a state is the conventional form of process in personal actions. But, considerations of convenience and public need have resulted in recognizing an additional form of process in personal

actions against non-resident motorists. Statutes in a great number of states authorize the commencement of suit against the non-resident motorist by substituted service on a public official of the state where the cause of action arises; the public official, for this purpose, being made the agent or attorney of the non-resident motorists. The student will find an excellent survey of such statutes and their varying provisions in Michigan Law Review, Vol. 32, page 325. The writer says that the Michigan statute is typical, and it provides that the operation by a non-resident of a motor vehicle upon a public highway of Michigan shall be deemed equivalent to an appointment by such non-resident of the Secretary of State to be his true and lawful attorney, "upon whom may be served the summons in an action against him." It may be helpful to give a few other illustrations.

South Carolina, 1931, Act 252. Appointment by such non-resident of the Director of Motor Vehicle Division of the State Highway Department to be his attorney, "upon whom may be served all summons or other lawful process," etc.

Washington, 1933, Chap. 160. Appointment by such non-resident of the Secretary of State to be his attorney, "upon whom may be served all lawful summons and processes against him growing out of any accident," etc.

Maryland, 1931, Chap. 70. Appointment of Secretary of State upon whom may be served all "lawful processes".

North Carolina, 1931, Chap. 33, provides for getting jurisdiction over the defendant, and refers to summons and other process.

Iowa, 1931, Chap. 123. Appointment by non-resident of Secretary of State as his attorney upon whom may be served "all original notices of suit".

It is to be noted that Chap. 127, Laws 1931, does not expressly define "process". 50 C.J., Process, § 1, says:

"As a legal term, process is a generic word of very comprehensive signification and many meanings. In its broadest sense it is equivalent to, or synonymous with, 'proceedings' or 'procedure,' and embraces all the steps and proceedings in a cause from its commencement to its conclusion. Sometimes the term is also broadly defined as the means whereby a court compels a compliance with its demands. * * *

"* * * In some jurisdictions codes or statutes variously define 'process' as signifying or including: A writ or summons issued in the course of judicial proceedings; all writs, warrants, summonses, and orders of courts of justice or judicial officers; or any writ, declaration, summons, order, or subpoena whereby any action, suit, or proceeding shall be commenced, or which shall be issued in or upon any action, suit, or proceeding."

In Horton v. Kansas City, Ft. S. & G. R. Co., 26 Mo.App. 349, it is said: "* * * 'writ of summons' and 'process,' are used interchangeably. Process is used as a

generic term for writs of the class called judicial."

In Ackermann v. Berriman, 61 Misc. 165, 114 N.Y.S. 937, 938, it was decided: "The words 'process' and 'summons,' as used in the common law and in the statute, are often synonymous, and it has been settled at common law that process and summons were synonymous. Process is the means by which the court compels the appearance of the defendant before it, and summons is the first process in the institution of an action whereby the defendant is notified to appear and answer the complaint."

Bowers on Process and Service says, at Section 3: "Without an attempted segregation under the foregoing classification, some instances will here be given of what has been held to be process. Thus, a summons has frequently been held to be process."

Without at all intimating that "process" may not include other writs, since the whole act relates to some sort of original process for the purpose of acquiring jurisdiction over the defendant in a civil action, from the context we believe the legislature used the word process in the sense of "summons".

It is entirely appropriate and perhaps necessary to examine statutes existing when Chap. 127, Laws 1931, was enacted, in order to determine what the legislature meant by "process". Section 105-302, N.M. S.A.1929, provides that at any time within one year after the plaintiff has filed a complaint, he may have a summons issued.

Section 105-303 describes how the summons shall be directed, signed and issued, and that it must contain a direction to the defendant to appear and answer the complaint. Section 105-304 provides that a copy of the complaint need not be served with the summons. Section 105-313 refers to alias process, which obviously would include summons. Sections 79-301 and 79-302 refer to process in justices of the peace courts and in Section 79-303, it is said: "In all cases, not otherwise specially provided for, the first process shall be a summons." Undoubtedly our legislators have used the expressions "process" and "summons" interchangeably. It is to be noted that the learned trial judge took that view of it when, in making his order, "directing the service of process", he used the language direction that "a copy of the summons and complaint herein shall be personally served on the Secretary of State of New Mexico." We know that personal service on the defendant of a summons within the jurisdiction of the state is the conventional form of process in personal actions. Theoretically the mere act of operation on the highways of New Mexico serves automatically to appoint the Secretary of State as the attorney of a nonresident motorist to receive service of process, and the mere operation is stated to be a consent that said substituted service shall have the efficacy of personal service within the state. The service of process on the Secretary of State is undoubtedly the formal part of the statutory service of process. If the Secretary of State is the

agent of the non-resident motorist defendant, it is not at first blush apparent why anything more should be served upon the Secretary of State than is required to be served upon the defendant personally, if in the state, viz., a summons.

Among the problems raised by the statutes of the kind under discussion, the most vital concern has been with the method of giving notice to the defendant, for without adequate provisions for notice, any judgment obtained would be a nullity. The Supreme Court, in Wuchter v. Pizzutti, 1928, 276 U.S. 13, 48 S.Ct. 259, 261, 72 L. Ed. 446, 57 A.L.R. 1230, reversed a New Jersey judgment because the statute failed in terms to provide for proper notice. The court concluded that such a law should contain a provision which will make it reasonably probable that notice of service of process on the official will be communicated to the non-resident motorist. The court said: "Every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the post office address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant." So it is that most of these statutes provide that notice be given to defendant that process or summons has been served upon the officer designated in the statute. Most of the statutes require no more than that notice shall be given to the defendant, either by mail, registered or otherwise, or by personal service thereof that a process, summons or writ had been served upon the statutory agent of the motorist. The Delaware statute contains an interesting provision to the effect that a copy of the process with notice of service of the same upon the statutory agent shall be mailed to the defendant; and, so that the defendant will not hold the notice lightly and as ineffectual to subject him to the jurisdiction of the Delaware courts, the legislature directed the plaintiff to inform the defendant also that the service of the writ on the Secretary of State is as effectual to all intents and purposes as if service had been made upon him personally within the state. See Webb Packing Co. v. Harmon, Del.Super., 196 A. 158, 159. Our statute is rather complete in this respect by requiring that a copy of the process, complaint, order of court, and notice that copy of the process has been served upon the Secretary of State be delivered personally to the defendant.

The clause "notice that the same have (has) been served upon the Secretary of State" refers to what is theretofore directed to be served upon the Secretary of State, to-wit, "process".

It is the manifest intent of the statute to accomplish due process upon the defendant non-resident motorist by service of process (summons) upon the statutory agent of the defendant, and further, to give greater substance to the service of process by service personally upon the defendant of a notice that this formal

part of the statutory service of process has been complied with; and also by delivery to him personally a copy of the process and a copy of the complaint and a copy of the order of court directing the service. Having arrived at the purpose and intent of the act, it is appropriate to transpose words and phrases to carry out this manifest intent. See Lewis' Sutherland Statutory Construction, 2nd Ed., Sec. 386. We have in mind, too, Sec. 139-102, N.M.S.A.1929, providing that words importing the plural number may be applied to one person or thing. So we indulge in transposition, in accordance with the intent, as follows: "Upon such showing being made, the judge shall make an order, directing that service of process be made on the defendant as provided in Section One hereof; and, also, that a copy of the process, and a notice that the same have [has] been served upon the Secretary of State, pursuant to this act, and complaint, and of said order, be delivered to the defendant personally without the State."

This is exactly what the trial court ordered to be done and it was done. The service upon the Secretary of State of a copy of the complaint and of the order would add nothing to the notice to defendant since the Secretary of State is not in terms required to communicate with the defendant. If there is a maintainable inference that the Secretary of State, as the statutory agent of defendant, would, if copy of the complaint and order were served upon him, forward them to the defendant, the result would be that such defendant would receive two copies of the complaint and two copies of the court order, a result without reason to support it. These statutes require personal notice to the defendant, to be given either by the public official or by the plaintiff. None have come to our attention requiring a duplication of such notices to be given one by the public officer and one by the plaintiff. Such duplication would serve no useful purpose. We reject the invitation of petitioner to ascribe by inference an intent by the legislature to require the doing of so useless a thing.

It follows from what has been said that the alternative writ of prohibition should be dissolved, and

It is so ordered.

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.