379 P.2d 54

STATE GAME COMMISSION of the State of New Mexico, Said Commissioners Individually, and Fred A. Thompson, Director of the State Game Commission, Petitioners,

v.

Paul TACKETT, District Judge, Second Judicial District, County of Bernalillo, State of New Mexico, and by Designation and Agreement in Cause No. 32379 on the Docket of the District Court in and for the County of Santa Fe, State of New Mexico, Respondent.

No. 7073.

Supreme Court of New Mexico.

Nov. 9, 1962.

Rehearing Denied March 11, 1963.

Earl E. Hartley, Atty. Gen., Boston E. Witt, Asst. Atty. Gen., Lyle E. Tuetsch, Jr., Sp. Asst. Atty. Gen., Santa Fe, for petitioners.

Anthony J. Albert, George A. Graham, Santa Fe, for respondent.

NOBLE, Justice.

This is an original proceeding in the Supreme Court invoking our jurisdiction in prohibition brought by the State Game Commission of the State of New Mexico against the Honorable Paul Tackett, as Judge of the Second Judicial District sitting by designation in cause No. 32379 in Santa Fe County, New Mexico, wherein Sid West is plaintiff and the state game commission, its individual members and its director are defendants. The proceeding seeks to prohibit the Honorable Paul Tackett, as such judge, from proceeding to hear or determine any matters in said cause in Santa Fe County.

'The action before the respondent judge was commenced by the plaintiff, Sid West, to enjoin and restrain the state game commission from authorizing its permittees and licensees to go upon the state leased lands of plaintiff for the purpose of hunting wild game thereon. Defendants filed motions in said action moving the dismissal thereof for lack of jurisdiction by the court. After argument, the respondent announced that

the motions would be overruled and that the court would assume jurisdiction. Thereupon, the relator applied for prohibition against respondent, basing its right to the writ upon the premise that the court was wholly without jurisdiction upon two grounds: (1) that the action is one against the State of New Mexico which has not given its consent; and (2) that the court is without jurisdiction in the absence of an indispensable party—the commissioner of public lands. An order enjoining defendants in the principal action was entered before relator's application for prohibition could be heard by us. This court, thereupon, in the exercise of its superintending control entered an order suspending all orders entered by respondent in said cause until the further order of this court.

It is contended that the district court is completely lacking in jurisdiction to hear or try any issues, and that any judgment rendered by it would be a complete nullity and subject to collateral attack. Considering, as we do, that the question whether the commissioner of public lands is an indispensable party is controlling, we turn first to that question.

At this stage of the proceeding, we test the question by the pleadings. The complaint alleges that West is the holder of a state grazing lease, and that after its execution the commissioner of public lands granted to the state game department an easement covering these and all other state lands. The easement grants to the state game department, its permittees and licensees the right to go upon these state leased lands for the purpose of hunting wild game. It is alleged that the easement is illegal and of no force or effect. The controversy, therefore, directly draws in issue the legality of an easement granted by the commissioner of public lands over state lands.

There is a further allegation that West posted his state leased lands in accordance with § 54–4–5, N.M.S.A.1953, and he seeks to enjoin the game department from authorizing its licensees to hunt on the posted premises. The posting contention draws into controversy a construction of the state grazing lease issued by the commissioner of public lands to West—that is, whether that lease is so limited in its terms that it is not subject to being so posted. The lease contains a clause reserving to the commissioner of public lands the right to grant easements over and across the leased lands. The controversy, therefore, concerns a reservation in the state grazing lease and the easement over said state land granted by the commissioner.

■ The first question, therefore, presented for our determination is whether the district court has jurisdiction to pass upon any issues at all in the absence of the com-

missioner of public lands as a party to this action. We are clear that if the commissioner is an indispensable party, we are bound by the rule announced in American Trust & Sav. Bank of Albuquerque v. Scobee, 29 N.M. 436, 453, 224 P. 788, 790:

"* * * all persons whose interests will necessarily be affected by any decree is [in] a given case, are necessary and indispensable parties, and the court will not proceed to a decree without them. Where such necessary parties cannot for any reason be brought before the court, there is nothing to be done except to dismiss the bill, for the suit is inherently defective."

See, also, State ex rel. Reynolds v. W. S. Ranch Co., 69 N.M. 169, 364 P.2d 1036 and Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257.

■ This court reviewed our prior decisions on the question as to when the commissioner of public lands is an indispensable party and announced the following test as to the necessity of the commissioner as a party to litigation between private parties involving state lands in Swayze v. Bartlett, 58 N.M. 504, 273 P.2d 367:

"* * *: If the controversy involves a question concerning the legality of a state lease, the eligibility of the lessee thereunder, the matter of performance of the lease, reservations, if

any, in the lease, or a matter of public policy requiring passage thereon by the commissioner of public lands, then the commissioner is not only a necessary party, but is an indispensable party. * * * *"

■ Applying this test to the question presented in the instant case, it becomes at once apparent that the commissioner of public lands is an indispensable party to this action and the court is without jurisdiction to proceed further in his absence. Compare Sproles v. McDonald, 70 N.M. 168, 372 P.2d 122.

We are not concerned in this case with a situation where it is sought to prohibit a court from acting in excess of its jurisdiction as in State ex rel. Miller v. Tackett, 68 N.M. 318, 361 P.2d 724; State ex rel. Lynch v. District Court of McKinley County, 41 N.M. 658, 73 P.2d 333, 113 A.L.R. 746; State ex rel. Harvey v. Medler, 19 N.M. 252, 142 P. 376 or State ex rel. Kermac Nuclear Fuels Corp. v. Larrazolo, No. 7205, N.M., 375 P.2d 118, recently decided by this court, or where in a particular case the refusal to issue prohibition would cause irreparable mischief, exceptional hardship, costly delay and undue burden of expense, or an appeal would be grossly inadequate as in Montoya v. McManus, 68 N.M. 381, 362 P.2d 771; State ex rel. De Moss v. District Court of the Sixth Judicial District, 55 N.M. 135, 227 P.2d 937 and State ex rel. Trans-

continental Bus Service v. Carmody, 53 N. M. 367, 208 P.2d 1073. On the contrary, because of the absence of an indispensable party, we have here the situation where the court is completely without jurisdiction to hear or try any issue in the cause, and any judgment rendered therein would be a complete nullity.

■ We are firmly committed to the rule announced in Gilmore v. District Court of Fifth Judicial District, 35 N.M. 157, 291 P. 295:

"If the inferior court or tribunal has jurisdiction of both the subject matter and of the person where necessary, the writ of prohibition will not issue, but lacking such jurisdiction the writ will issue as a matter of right."

This rule has been followed over the years. See State ex rel. St. Louis Rocky Mountain & Pac. Co. v. District Court of Eighth Judicial District, 38 N.M. 451, 34 P.2d 1098; State ex rel. Heron v. District Court of First Judicial District, 46 N.M. 290, 128 P.2d 451; Mares v. Kool, 51 N.M. 36, 177 P.2d 532; State ex rel. Prince v. Coors, 52 N.M. 189, 194 P.2d 678.

■ We must, however, first determine whether prohibition in its usual sense is a proper remedy. The district court announced its intention to overrule the motions directed to its jurisdictions, but, before the application for writ of prohibition could be heard by us, entered its injunction. Thus, petitioner seeks to undo an act performed, not to prevent a further act. The undoing of an act performed is not the purpose of prohibition in its usual sense. State ex rel. State Tax Commission v. First Judicial District Court, 69 N.M. 295, 366 P.2d 143, and cases cited therein.

■ This case, then, presents the question whether we should exercise our superintending control over the district court. New Mexico Const. Art. 6, § 3; 112 A.L.R. 1370; State ex rel. State Tax Commission v. Tackett, supra. The superintending control will not be invoked merely to perform the office of an appeal. State ex rel. Harvey v. Medler, supra. In State ex rel. Transcontinental Bus Co. v. Carmody, supra, we warned that the superintending power would not be exercised except under unusual circumstances.

As we have pointed out, however, it has been determined here that the absence of the commissioner of public lands, who is not only a necessary party but is an indispensable party, completely deprives the court of jurisdiction to proceed in the absence of such party, and that any judgment rendered in his absence would be a nullity and subject to collateral attack. Under these circumstances, following the established rule in this jurisdiction, if the application for the writ could have been heard by us prior to

entry of the district court's order, the writ of prohibition would issue as a matter of right.

This is a matter of great public interest and affects the construction of the rights of lessees of state lands, the right of the commissioner to grant certain easements over leased state lands and the rights of another state department and its permittees and licensees thereunder. It presents questions of great public concern which should be determined in a proper proceeding.

 We think that under circumstances where a writ of prohibition would issue as a matter of right had the order of the district court been threatened but not issued, we should exercise our right of superintending control. Prohibition appears to us an appropriate remedy for its exercise in this case.

It is unfortunate that the many vital and intricate legal questions presented cannot be determined by us in this proceeding. We do not mean, by anything we have said, to express an opinion on any such questions and they are left for determination if presented in a case in which they are properly before us. Having determined that the district court was completely without jurisdiction to hear or decide any issues in this case, nothing remains except to prohibit the district court from proceeding further. Our conclusion makes it unnecessary to consider other questions argued. Accordingly, a writ of prohibition will issue and be made absolute.

IT IS SO ORDERED.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

MOISE, J., not participating.