379 P.2d 86

**In re Crime Investigation of Bribery of Public Officials.**

**STATE of New Mexico, Plaintiff and Appellant,**

**v.**

**Claud WYLIE, J. W. Jones, and Charles Lewis, Movants and Appellees.**

**No. 7090.**

Supreme Court of New Mexico.

Feb. 19, 1963.

Earl E. Hartley, Atty. Gen., George Richard Schmitt, William E. Snead, Asst. Attys. Gen., Santa Fe, for appellant.

Nordhaus & Moses, C. Derwood Knight, Albuquerque, for appellee Claud Wylie.

Jones & Stiff, Albuquerque, for appellee Charles Lewis.

Sutin & Jones, Albuquerque, for appellee J. W. Jones.

CARMODY, Justice.

A committee of the House of Representatives of the United States Congress, called the "Blatnik Committee," conducted an investigation with respect to the use of federal funds in the construction of highways. As a result of the investigation, the committee made a report and, based thereon, the district attorney of the Third Judicial District filed motions under the provisions of § 41-3-8, N.M.S.A., 1953 Comp., asking the court to order the issuance of subpoenas for certain witnesses. The motions were all entitled "In Re: Crime Investigation of Bribery of Public Officials," and were docketed in Dona Ana County on the criminal docket under Cause No. 10,560. The court granted the motions ex parte, and directed that the clerk issue subpoenas for the individuals to appear and testify before the district attorney. Thereupon, the proposed witnesses appeared by counsel and moved to quash the issuance of the subpoenas and vacate the order. After argument, the court entered its order quashing the subpoenas and dismissing the proceedings. The district attorney thereupon moved for an appeal, which was granted, and the cause was docketed in this court. After the filing of the state's brief in chief, the three proposed witnesses filed a motion to dismiss the appeal. This opinion is limited to the ruling on this motion.

The movants (appellees) claim that the state has no right to appeal under the provisions of § 41-15-3, N.M.S.A., 1953 Comp., incorporated under the rules of the supreme court as § 21-2-1(5) (4), N.M.S.A., 1953 Comp., which provides:

"4. The state shall only be allowed an appeal or writ of error in criminal cases when an indictment, complaint or information is quashed, or adjudged insufficient upon an interlocutory motion, or judgment is arrested."

Contrariwise, the state (appellant) urges that this is not a criminal case, but is a civil one, and that the rules of civil procedure apply; that therefore the state should be allowed an appeal under the provisions of § 21-2-1(5) (6), N.M.S.A., 1953 Comp., which is as follows:

"6. Appeals under the authority of Laws 1937, ch. 197 [21-10-5], from final judgments in all special statutory proceedings, shall be allowed within the time and in the manner provided for appeals from final judgments in civil actions except where otherwise provided by statute in existence upon the effective date of Laws 1937, ch.

197 [21–10–5]. Where on said date there was existing a statute authorizing an appeal from judgments, final or otherwise, in certain special statutory proceedings, the time and manner of taking such appeal shall be governed by the special statute relating thereto, the provisions of which in this behalf being continued in full force and effect as rules of court under Rule 86 of the rules of the district courts."

It would seem to be admitted by the state that, if this is a criminal case, there is no right of appeal. Thus, the state must, of necessity, to sustain its contention, urge that the case is a civil one.

The statute under which this proceeding was originally instituted, insofar as is pertinent, reads (§ 41–3–8, N.M.S.A., 1953 Comp.):

" * * * Second. The prosecuting attorney may on approval of the district judge, issue subpoenas in felony cases and call witnesses before him when the grand jury is not in session and have them sworn and their testimony reduced to writing and signed by the witnesses, at the cost of the county, and when taken shall file the same with the clerk of the district court, to be used for impeachment purposes only. Such examination must be confined to some felony committed against the statutes of the state and triable in that county, and the evidence so taken shall not be receivable in any civil proceeding. * * *"

■ This particular statute, although slightly amended by the Laws of 1927, ch. 132, and Laws of 1955, ch. 47, with respect to matters which are not concerned herein, was a part of ch. 144 of the Laws of 1925, which had for its purpose the vitalizing of the "information" amendment to the constitution, to provide for the trial of an accused in a criminal case prior to his commitment to the district court. The entire chapter dealt with the procedure on preliminary hearings, what was required therein, the duties of the magistrate and the rights of the defendant. There is nothing in the act which, in any sense, would support the state's contention that the instant proceeding is civil in its nature. The legislative intent is to be gathered from an examination of the entire act, 2 Sutherland Statutory Construction, 3d ed., § 4704, and this statute relates entirely to criminal matters. The very language of the portion of the section quoted points to the fact that the legislature was considering felony cases. The direction that the procedure could only be followed and "must be confined to some felony" should make this obvious. In addition, the fact that the evidence so taken "shall not be receivable in any civil proceeding" is inconsistent with the state's contention that the case is, in any sense, a civil one.

Even though we decline to ·hold that the instant proceeding is a criminal case, principally because, ordinarily, a criminal case is only commenced with the filing of an indictment or an information (see, State v. McMath, 1929, 34 N.M. 419, 283 P. 51; State v. Valdez, 1947, 51 N.M. 393, 185 P.2d 977), and although we are constrained to note the claimed similarity between this proceeding and a grand jury investigation, which the United States Supreme Court has held to be a "criminal case" (Counselman v. Hitchcock (1892), 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110; United States v. Monia (1943), 317 U.S. 424, 63 S.Ct. 409, 87 L.Ed. 376), nevertheless it is obvious that this proceeding is not a civil case. An illustration should suffice to dispose of this argument: If we were to assume that the district attorney had complied with the statute and had actually filed a felony case, and that he subsequently obtained court approval to issue subpoenas under the provisions of the above section, such a request to issue subpoenas would, of necessity, be in the criminal case itself; and were the court to refuse to issue the subpoenas upon the request, or, having originally authorized the issuance, subsequently quashed the subpoenas, the district attorney could not have appealed, because the case would obviously be a criminal one, from which appeals are granted only as permitted by § 41–15–3, supra.

Thus, in the present instance, it would seem incongruous to allow an appeal on the contention that it was a special civil proceeding, because the statute·had not been followed initially by the filing of a felony case, whereas if the statute had been followed, there would have been no appeal allowed under the statute. The state further argues that this particular proceeding was civil in its nature and became such when the appellees sought to quash the order directing the issuance of the subpoenas. The assertion is that at that time there were party litigants on opposite sides of the case, the district attorney on the one side and the appellees on the other; that in such a situation the case became a special statutory proceeding, which did not have special rules authorizing appeals, and that, therefore, § 21–2–1(5) (6), N.M.S.A., 1953 Comp., was applicable. We do not believe that the procedure followed by the state in this instance can convert the initial proceeding from one in the nature of a criminal matter into a special statutory proceeding from which an appeal would be allowed. It is obvious that the motion to dismiss the appeal is well taken and should be sustained.

The parties also argue the question whether a writ of mandamus would be proper to compel the issuance of the subpoenas in the instant case. In view of our ruling, which is dispositive of the mo-

tion to dismiss, we decline to advise the parties with respect to this matter, because to do so would be mere dicta.

The motion to dismiss the appeal will be granted and it is so ordered.

COMPTON, C. J., and NOBLE, J., concur.