429 P.2d 330

**STATE ex rel. CLINTON REALTY COM-
PANY, a corporation, Petitioner,**

v.

**Hon. James M. SCARBOROUGH, District
Judge, the District Court of the First Ju-
dicial District of the State of New Mex-
ico, Gavin Maloof & Co., New Mexico Sell-
ing Company, Richard Distributing Com-
pany, Southwest Distributing Company,
State Distributors, Inc., the Pecos Sales
Company, Max M. Gonzales, Commissioner,
Bureau of Revenue of the State of New
Mexico, Joseph A. Armijo, Chief of Divi-
sion of Liquor Control of the Bureau of
Revenue of the State of New Mexico, and
Arthur Sanchez, Chief Liquor Auditor, Di-
vision of Liquor Control of the Bureau of
Revenue of the State of New Mexico, Re-
spondents.**

No. 8168.

Supreme Court of New Mexico.

June 30, 1967.

Lynell G. Skarda, Clovis, for petitioner.

Boston E. Witt, Atty. Gen., Tom Overstreet, Asst. Atty. Gen., Santa Fe, for Joseph A. Armijo.

Ben F. Roybal, Albuquerque, for Max M. Gonzales.

O. R. Adams, Jr., Albuquerque, for Wholesalers.

## OPINION

NOBLE, Justice.

A mortgage covering the Holiday Inn Motel located in Clovis was foreclosed in an action in the Curry County district court. In connection with this foreclosure, the court's receiver took possession of a liquor dispenser's license held in the name of the motel's former owners, Leon and Ruth Beaver, and sold it together with the motel property to Clinton Realty Company. Creditors of Leon and Ruth Beaver, in connection with their operation of the liquor license, sought and were refused permission to intervene in this foreclosure action. Thereafter, these creditors secured a writ of mandamus from the district court of

Santa Fe County directing the Chief of the Division of Liquor Control to satisfy himself that all creditors of Leon and Ruth Beaver, in connection with their operation of the liquor license, were paid before approving a transfer of the license. Upon application by Clinton Realty Company, this court issued an alternative writ of prohibition to the district court of Santa Fe County to stay its enforcement of the writ of mandamus. The petitioner here was not a party to the mandamus action. He asserts he was an indispensable party and, accordingly, challenges the jurisdiction of the Santa Fe district court to proceed to judgment.

▆ It was settled in this jurisdiction as early as 1924 that all persons whose interests will necessarily be affected by any judgment or order in a particular case are necessary and indispensable parties, and that the court cannot proceed to a judgment without such party. American Trust & Sav. Bank of Albuquerque v. Scobee, 29 N.M. 436, 453, 224 P. 788. That position has been consistently followed by this court. Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257; State ex rel. Del Curto v. District Court, 51 N.M. 297, 183 P.2d 607; Sullivan v. Albuquerque Nat'l Trust & Sav. Bank, 51 N.M. 456, 188 P.2d 169; Keirsey v. Hirsch, 58 N.M. 18, 265 P.2d 346, 43 A.L.R.2d 929; Swayze v. Bartlett, 58 N.M. 504, 273 P.2d 367; State ex rel. Skinner v. District Court, 60 N.M. 255, 291 P.2d 301; Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045; State ex rel. Reynolds v. W. S. Ranch Co., 69 N.M. 169, 364 P.2d 1036; State Game Comm'n v. Tackett, 71 N.M. 400, 379 P.2d 54; Rule of Civil Procedure 19 (§ 21-1-19, N.M.S.A.1953).

▆ Further, State Game Comm'n v. Tackett, supra, held that where prohibition would have issued as a matter of right if the application could have been heard by us prior to entry of the district court's order, we should exercise our right of superintending control. Prohibition appears to us an appropriate remedy in this case.

State ex rel. Townsend v. Court of Appeals, 78 N.M. 71, 428 P.2d 473, decided May 29, 1967.

It is apparent that the judgment in mandamus was entered in reliance upon the requirements of § 46-5-15(B), N.M.S.A. 1953, the pertinent portion of which reads:

"Licenses are assignable and transferable * * *. The transfer or assignment shall not be approved until the chief of division is satisfied that all creditors of the licensee in connection with the operation of the business have been paid or that satisfactory arrangements have been made between the licensee and the creditor for the payment of such debts;"

▆ To argue that petitioner was not, under the circumstances here present, a "person whose interests will necessarily be affected by the judgment," within the definition of an indispensable party would be to ignore the obvious. Under this statute, the practical effect of the action in mandamus is as substantial as would be a money judgment rendered against the petitioner individually. It precludes the transfer of the license he purchased until the debts are paid.

▆ It becomes at once apparent that this petitioner, as the purchaser of the liquor license under an order of the district court of Curry County, is an indispensable party to the mandamus action in Cause No. 36205, Santa Fe County, and that court is without jurisdiction to proceed in petitioner's absence. The situation here, as in State Game Comm'n v. Tackett, supra, is one where the court completely lacks jurisdiction to hear or try any issue in the cause without the presence of Clinton Realty Company as a party thereto. The judgment entered in Cause No. 36205 is a complete nullity. State Game Comm'n v. Tackett, supra.

Petitioner also calls attention to the provisions of subparagraph F of § 46-5-15, N.M.S.A.1953, and contends that any right of the creditors to demand payment as a prerequisite to the transfer of the license

was extinguished as against him by the foreclosure sale. This portion of the statute expressly provides that as against creditors of the licensee, the liquor license is property subject to levy and sale under receivership, execution and other incidents of tangible personal property. It reads:

"The holder of a retailer's * * * license has no vested property right in the license as against the state, but as against creditors of the licensee the license shall be considered property subject to execution, attachment, security transactions, liens, receivership and any and all other incidents of tangible personal property under the laws of this state, except as otherwise provided herein * * *"

The creditors, however, contend that the language of subparagraph B, supra, is unequivocal so as to make the payment of all creditors an absolute prerequisite to a transfer, admitting of no discharges under a judicial foreclosure.

 The practical inquiry in construing statutes is, of course, to determine and give effect to the legislative intent. Statutes are enacted as a whole and consequently each section or part should be construed in connection with every other part or section so as to produce a harmonious whole. State ex rel. People's Bank & Trust Co. of Las Vegas v. York, 24 N.M. 643, 175 P. 769; State ex rel. Dresden v. District Court, 45 N.M. 119, 112 P.2d 506; Janney v. Fullroe, Inc., 47 N.M. 423, 144 P.2d 145; Reese v. Dempsey, 48 N.M. 417, 152 P.2d 157; State v. Thompson, 57 N.M. 459, 260 P.2d 370; State v. Wylie, 71 N.M. 447, 379 P.2d 86. It is, likewise, a cardinal rule of construction that, where possible, effect must be given to every part of a statute. The court's duty is to, so far as practicable, reconcile different provisions so as to make them consistent, harmonious and sensible. El

Paso Elec. Co. v. Milkman, 66 N.M. 335, 347 P.2d 1002; Reed v. Styron, 69 N.M. 262, 365 P.2d 912.

 Examining § 46–5–15, supra, in that light, it is apparent the legislature sought to protect the creditors of a licensee by requiring all claims against the operation of the liquor license be paid as a condition to approval of a transfer of the license. It is, however, equally obvious that the legislature recognized that between creditors and for purposes of secured transactions, executions, liens, receiverships and other similar transactions, a liquor license is to be considered as tangible personal property.

 Thus, even though the legislature intended to provide protection for general creditors of a licensee by making payment of such claims a condition to approval by the liquor director of a voluntary transfer of a liquor license, the legislature authorized the creation of liens against such licenses by execution, attachment, security transactions, receivers and other means to which tangible personal property may be subject. It must be assumed these secured transactions are enforceable by foreclosure and carry a right to payment prior to that of general creditors. Viewed thus, § 46–5–15(F), supra, clearly gives the secured creditors described therein precedence over general creditors of the licensee.

It follows that the alternative writ of prohibition heretofore issued should be made permanent, restraining and prohibiting respondent from further proceeding in Cause No. 36205 in the district court of Santa Fe County, State of New Mexico, except in conformity herewith other than vacating the judgment entered therein.

It is so ordered.

CHAVEZ, C. J., and MOISE, COMPTON and CARMODY, JJ., concur.