443 P.2d 508

STATE of New Mexico for the Use of Berta Lee WALKER and Berta Lee Walker, Plaintiffs-Appellants,

v.

Joseph C. HASTINGS, d/b/a Joseph C. Hastings, Contractor, and United States Fidelity & Guaranty Company, a Corporation, Defendants-Appellees.

No. 157.

Court of Appeals of New Mexico.

June 28, 1968.

James L. Brown, John R. Phillips, Jr., Farmington, for plaintiffs-appellants.

Maurice Sanchez, Grantham, Spann, Sanchez & Rager, Albuquerque, for defendants-appellees.

OPINION

OMAN, Judge.

In this cause the plaintiffs brought suit against defendants to recover the sum of $18,200.00 for the claimed reasonable value of crushed road materials, which they claim was removed from a materials pit by defendant Hastings and placed on a public highway pursuant to a contract between Hastings and the New Mexico State Highway Commission, hereinafter called Commission. The sole question in the case is whether or not the trial judge erred in dismissing the complaint and all causes of action stated therein upon the ground that the court lacked jurisdiction because of the absence of an indispensable party, to wit, the Commission.

The plaintiffs had entered into an "Agreement for Materials" with the Commission whereby plaintiffs granted, bargained, sold and conveyed unto the Commission, or its lawful agent, "the rights to remove and use the necessary surfacing materials for highway construction and maintenance" from the pit in question. Payment for the materials is "to be made at the rate of six (6) cents per ton upon completion of the construction and the quantities for which payment shall be made are to be based on the contractor's final estimate."

It appears that Wylie Bros. Contracting Co., in the performance of a highway con-

struction or maintenance contract with the Commission, removed materials from the pit, and at least a portion of such materials was crushed at the pit site before being removed and applied to the highway. Wylie had crushed more materials than needed to complete the project under its contract with the Commission, and Hastings subsequently removed this crushed material from the pit and applied it to the highway under its contract with the Commission. According to the Commission there were removed by Hastings from the pit of plaintiffs 8,739.40 tons of surfacing aggregate, which Hastings paid for at the contract rate of six cents per ton. It is not entirely clear from the record whether all of this tonnage was material crushed by Wylie, but apparently it was.

■ Plaintiffs sought recovery for 10,-400 tons at the rate of $1.75 per ton, and, in their oral argument before this court, they claimed the difference between 8,739.-40 tons and 10,400 tons was materials which they had crushed. Defendants answered that this was the first time they had understood any claim was being made for materials which plaintiffs had crushed, and that if it was being claimed that Hastings had taken materials crushed by plaintiffs themselves, then defendants conceded that as to this portion of the claim the Commission would not be an indispensable party. However, there is nothing in the record before us and nothing in the briefs to indicate that plaintiffs were making any claim that the materials taken by Hastings were crushed by any one other than Wylie. Apparently the claim that a portion of the materials had been crushed by plaintiffs was not presented to nor considered by the trial court, and we will not now consider it. Wynne v. Pino, 78 N.M. 520, 433 P.2d 499 (1967); Associates Loan Co. v. Walker, 76 N.M. 520, 416 P.2d 529 (1966); Lovato v. Hicks, 74 N.M. 733, 398 P.2d 59 (1965); Sanchez v. Bernalillo County, 57 N.M. 217, 257 P.2d 909 (1953).

The defendants moved to dismiss this cause for lack of joinder of indispensable parties. And, as above stated, this motion was sustained as to the claim that the Commission was such a party.

Plaintiffs in their briefs and in their arguments before us concede that an interpretation of the "Agreement for Materials" will be required in the disposition of the case, and state that the question to be decided is, "who had title to the crushed gravel at the time it was taken by appellee Hastings."

Since the "Agreement for Materials" concerns only the plaintiffs, the Commission, and the Commission's agents, the question of title, to be determined by this interpretation, could relate only to these same persons. Plaintiffs contend the "Agreement for Materials" gives the Commission and its agents, such as Hastings, only the right to remove raw materials from the pit, and that materials crushed by one agent, but not used by that agent, may not be used by another agent. They also contend the title to materials crushed by one agent, but not used by that agent, remains in plaintiffs, and that the Commission has no right to authorize the removal thereof by another agent. They do not, as already stated, question the right of the Commission or its agents to remove raw gravel or materials, or to crush and remove the same, so long as each agent removes and places upon the highway only the materials it has crushed.

The language of the "Agreement for Materials" makes no reference to crushed materials or to the matter of title thereto. The portions thereof relating to materials to be removed from the pit by the Commission or its agents and the nature of their rights to so remove the same and their interests therein are set out above.

■ We are of the opinion that the nature and extent of the questions which must necessarily be resolved in the interpretation of the "Agreement for Materials," the fact that the Commission is one of the parties to this agreement, and the fact that Hastings was acting as the agent for the Commission under authority of this agreement and with the apparent approval

of the Commission, makes the Commission an indispensable party to this suit, and the trial court was correct in so ruling.

There are a vast number of cases concerning the questions of who are necessary and who are indispensable parties, and reconciliation of the results reached in these cases is impossible. Like so many governing principles which have remained comparatively simple and constant in spite of the great many cases in which applied, their application to different factual situations has given rise to results which are difficult, if not impossible, to understand or to reconcile. The case most often cited for the principles concerning who are necessary and who are indispensable parties is Shields v. Barrow, 58 U.S. (17 How.) 129 [130], 15 L.Ed. 158 (1854). 3 Moore, Federal Practice 2150, § 19.07 (2d ed. 1968). There it is said:

" * * * 'Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it * * * are commonly termed necessary parties; but if their interests are separable from those of the parties before the court so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience' are indispensable parties. * * * "

See also Montfort v. Korte, 100 F.2d 615 (7th Cir. 1938); Cottrell v. Prier, 187 Or. 454, 212 P.2d 87 (1949) for like definitions of indispensable parties.

In American Trust & Savings Bank of Albuquerque v. Scobee, 29 N.M. 436, 224 P. 788 (1924), the Supreme Court of New Mexico had the following to say:

"There is a general rule that all persons whose interests will necessarily be affected by any decree is [in] a given case, are necessary and indispensable parties, and the court will not proceed to a decree without them. Where such necessary parties cannot for any reason be brought before the court, there is nothing to be done except to dismiss the bill, for the suit is inherently defective. * * * "

This definition of an indispensable party has been often reaffirmed by our Supreme Court. State ex rel. Clinton Realty Co. v. Scarborough, 78 N.M. 132, 429 P.2d 330 (1967); State Game Commission v. Tackett, 71 N.M. 400, 379 P.2d 54 (1962); Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257 (1945).

The Commission, as a party to the contract which must be interpreted and under which Hastings was acting, does have an interest in the controversy of such nature that any final judgment or decree entered will affect that interest. The controversy directly draws in issue the legality and effect of the "Agreement for Materials" and the rights of the Commission, as well as those of Hastings, under this agreement. Just as the legality of the easement granted by the Commissioner of Public Lands became an issue in the case in which the Honorable Paul Tackett was prohibited from proceeding in State Game Commission v. Tackett, supra, so the legality and effect of the "Agreement for Materials" is an issue, and apparently the principal and basic issue, to be decided in the present case. Just as the Commissioner of Public Lands was an indispensable party in the State Game Commission case, so the Commission is an indispensable party in the present case.

Plaintiffs rely upon the decision of the Supreme Court of New Mexico in State ex rel. Reynolds v. W. S. Ranch Co., 69

N.M. 169, 364 P.2d 1036 (1961). They contend that since the State of Colorado was held not to be an indispensable party in that case—although the defendant in that cause based its claim to divert water in part upon language of the Costilla Creek Water Compact between Colorado and New Mexico—the Commission in the present case cannot be held to be an indispensable party.

But as stated by our Supreme Court in the W. S. Ranch Co. case, compacts between sovereign states establish and fix the rights of all subjects and citizens of the participating states and are conclusive of those rights. The determination of rights under these compacts, insofar as our question of indispensable parties is concerned, is not comparable to a judicial determination of the legality and effect of a contract and the rights of the parties thereto.

It follows from what has been said that the order of dismissal should be affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.