582 P.2d 1285

**Joseph M. BUSTAMANTE and Tomasita R. Bustamante, Plaintiffs-Appellees,**

v.

**Nepomocino SENA, Pedro Sena, Miguel Sena, Rosa S. Ruiz, Ismael Sena and Charlie Sena, et al., Defendants-Appellants.**

No. 11467.

Supreme Court of New Mexico.

Aug. 16, 1978.

Rehearing Denied Sept. 5, 1978.

G. Emlen Hall, Pecos, for defendants-appellants.

Michael L. Gregory, Las Vegas, for plaintiffs-appellees.

OPINION

SOSA, Justice.

Plaintiffs brought suit in the San Miguel County District Court to quiet title to a tract of land within the Pecos Pueblo Grant. Defendants answered and counter-

claimed for a decree quieting title in them to a one-third undivided interest of the real property claimed exclusively by the plaintiffs. The trial court sitting without a jury found for plaintiffs and entered a decree quieting title to the entire premises in plaintiffs. Defendants appeal.

It is requested of this Court to rule on the effect of the federal government's patents issued to non-Indian claimants residing within previously patented pueblo land grants. The trial court concluded that it had jurisdiction over the question even though defendants objected due to the failure of the trial court to join indispensable parties to a statutory quiet title suit. Those alleged indispensable parties are the spouses to some of the defendants. The trial court then went on to rule that the 1936 patent from the United States to non-Indian claimants of land within the Pecos Pueblo Grant was not the beginning of reviewable title to the tract in question and concluded on the basis of evidence that pre-dated the patent that the plaintiffs were entitled to exclusive ownership of the tract despite the patent.

The trial court found that the land at issue lay within the Pecos Pueblo Grant and that one of the two plaintiffs was the only daughter and heir-at-law of a deceased man who together with two other families, defendants' predecessors, received a 1936 patent from the United States to the tract in question.

The trial court then found that two years prior to the patent's issuance, the plaintiff's deceased father obtained a warranty deed for the entire premises. The trial court also found that in 1935, one year prior to the patent's issuance, the plaintiff's deceased father quieted title in himself to the entire tract. The trial court also found that prior to 1936 defendants' predecessors, who are also named in the 1936 patent, had no claim to the tract in question. As a result the trial court ruled that the patent had been issued in error. The trial court went on to find various ways in which plaintiffs and their predecessors had treated the tract as their exclusive property subsequent to the

patent's issuance and various ways in which defendants and their predecessors had not treated the property compatible with their interests.

Did the trial court err in concluding that the June 1, 1936, patent from the United States to plaintiffs' and defendants' predecessors in interest was not a duly issued federal patent?

The trial court concluded as a matter of fact and law that the 1936 patent did not constitute the beginning of reviewable title to this tract. On that basis and over defendants' objection the trial court admitted evidence which pre-dated the 1936 patent, and made findings of fact and conclusions of law based on those pre-patent facts. Those conclusions of law were based on a finding of title by adverse possession. By doing so, the trial court held that a 1935 state court quiet title decree in favor of plaintiffs' predecessor in interest in a suit involving Pueblo Indian land in which neither the Pueblo, the United States nor defendants' predecessors in interest were joined and the 1934 deed took precedence over a federal patent issued subsequent to both. We do not agree.

The trial court, in order to award to appellees title to Indian land, had to set aside the 1936 patent. Appellants contend that the trial court allowed a collateral attack on the patent and this was error since a trial court cannot go behind a patent and look to the antecedent proceedings on which it is founded. This point is well taken.

 Stated in *Martinez v. Mundy*, 61 N.M. 87, 89, 295 P.2d 209, 211 (1956) is the principle that:

> It is fundamental that a patent is the highest evidence of title, and with it passes all control of the executive department of the government over the title and as a general rule it is impeachable only for fraud or mistake and is presumptive evidence of the true performance of every prerequisite to its issuance. It is also well settled that a patent is, on collateral attack, deemed to be conclusive that the government has passed its title to the

74

lands granted and that all prerequisites existed and were complied with so far as to render it a complete and lawful act.

Further, a patent, regular on its face and issued in a case in which the land department has jurisdiction, constitutes an implied finding of every fact which is made a prerequisite to its issue; and upon collateral attack, a court cannot go behind it and look to the antecedent proceedings on which it is founded. *United States v. Price*, 111 F.2d 206 (10th Cir. 1940).

Inasmuch as there was no allegation in the trial court of fraud or mistake in the issuance of the patent, nor was there an allegation that the patent was not regular on its face, the trial court erred in going behind the patent.

Furthermore, the 1935 quiet title decree was void. The complaint filed in that action never named the United States nor the Pueblo of Pecos as parties defendant. In *United States v. Candelaria*, 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023 (1925), the United States Supreme Court stated:

A judgment or decree which operates directly or indirectly to transfer the lands from the Indians, where the United States has not authorized or appeared in the suit, infringes [upon the restriction that the pueblo lands cannot be alienated without the consent of the United States].

*Id.* at 443, 46 S.Ct. at 563. The *Candelaria* case rightly held that the United States was an indispensable party. Failure to join an indispensable party deprived the 1935 trial court of jurisdiction to hear the matter. *State v. Scarborough*, 78 N.M. 132, 429 P.2d 330 (1967).

These issues being dispositive of the case, we find no need to address the other issues raised.

The trial court is reversed and this case is remanded with instructions to quiet title in the plaintiffs and defendants consistent with the patent and this opinion.

McMANUS, C. J., and FEDERICI, J., concur.