213 P.2d 597

**CHAVEZ et al. v. GUTIERREZ et al.**

No. 5195.

Supreme Court of New Mexico.

Jan. 10, 1950.

Frazier, Quantius & Cusack, Roswell, for appellants.

Brenton & Hall, Carrizozo, for appellees.

SADLER, Justice.

The appellees, plaintiffs below, sued in the District Court of Lincoln County to enjoin the appellant, Annie Gutierrez, one of the defendants below, from using or appropriating waters from the Rio Ruidoso through a certain ditch, designated as the Ambrosio Chavez Community Ditch, for the purpose of irrigating lands described in the amended complaint as parcels VIII and IX, and to quiet title in plaintiffs in and to the separate parcels of land set out in said complaint as belonging to each of them, together with the water rights appurtenant thereto, as against any claim of right, title or interest by the said Annie Gutierrez, and other named defendants. The defendants, Annie Gutierrez and Joe Gutierrez, her son, answered disputing the right of plaintiffs to the injunction prayed for and asserting water rights through said ditch for both parcels VIII and IX described in the complaint. Upon issues thus made up a trial was had resulting in a decree holding the plaintiffs were estopped from questioning the claim of defendant, Annie Gutierrez, to water rights for parcel No. VIII and denying her claim to water rights for parcel No. IX. She was enjoined from taking water through said ditch for parcel No. IX. The defendant, Annie Gutierrez, appealed and the plaintiffs sued out a cross-appeal. The matter is now before us for decision.

The findings of fact and conclusions of law made and adopted by the trial court preliminary to entering its decree, being the facts upon which our decision must rest if supported by substantial evidence, read as follows:

"1. That the plaintiffs and the defendants, Joe Gutierrez and Annie Gutierrez, are the owners and in possession of the various tracts of land, to-wit:

Tract 1, Owner, George Chavez

Tract 2, Owner, Josefita G. Torres and Manuel G. Torres

Tract 3, Owner, The Titsworth Co., a corporation

Tract 4, Owner, Joe Gutierrez

Tract 5, Owner, Fred Montes

Tract 6, Owner, The Titsworth Co., a corporation

Tract 7, Owner, Fred Montes

Tracts 8 and 9, Owner, Annie Gutierrez

together with water and ditch rights for all of the said tracts except Tract 9 owned by Annie Gutierrez, the said tracts of land being shown by Plaintiffs' Exhibit 1 and also in the Plaintiffs' Findings of Fact in numbers 3, 4, 5, 6, 7, which said tracts of land have been irrigated since the year 1879 through the Ambrosio Chavez ditch.

"2. One water right under the said Ambrosio Chavez ditch is the right to divert and use the flow of the water in said ditch for two successive days out of every

eighteen days in rotation; that the said water rights with the lands to which they are appurtenant came · from a common source of ownership and are in equal value and standing and entitle the owners of said irrigated lands to 3 acre feet of water per year when there is sufficient flow in the said ditch and to an equal apportionment during the time when there is not sufficient water in the said ditch to irrigate all of the said tracts; that the said lands and water rights were originally owned by Ambrosio Chavez and said rights which became appurtenant to the respective parcels of land were determined and agreed on by the heirs of the said Chavez after his death by oral agreement, and by practice, which has been adhered to since his death on the 10th of November, 1918.

"3. That Parcel 9, belonging to Annie Gutierrez, is not entitled to the use of any water out of the said Chavez ditch, it not being under the Ambrosio Chavez ditch and no appropriation having been made for the said land.

"4. That Miquelita Chavez, who deeded the lot No. 9 to Annie Gutierrez, had no water right out of the Ambrosio Chavez ditch and could not therefore convey any water right for the said tract to Annie Gutierrez.

"5. That plaintiffs and their predecessors in title are guilty of laches in asserting the right now claimed by them against Annie Gutierrez for the said lot No. 8, and the Court finds that Annie Gutierrez is entitled to the use of the water for the said Ambrosio Chavez ditch for the said lot No. 8.

"6. That during the year 1945 Annie Gutierrez wrongfully entered upon plaintiffs' lands and over the protests of plaintiffs opened the head gates, thereby permitting the entire flow of the said Ambrosio Chavez ditch to her lands designated as Parcels 8 and 9.

"7. That George Chavez and Fred Montes have been and are now irrigating lands for which they hold no water rights or ditch rights, thus diminishing the water rights available for the other users under the said ditch, and that they should be required either to desist from using the water in excess of their original amount of acreage or to cease irrigating the said excess.

Conclusions of Law

"1. Wherefore, it is considered and ordered that the parties plaintiff and the defendant Joe Gutierrez are the owners of the said tracts of land heretofore described, herein and also the waters appurtenant to the same, and also that Annie Gutierrez is the owner of Tract No. 8 and entitled to irrigate the same from the said Ambrosio Chavez ditch.

"2. That the plaintiffs are entitled to an injunction restraining the defendant Annie Gutierrez from entering upon their lands and from interfering with their water rights and from interfering with or opening the head gates in the ditches of the said plaintiffs.

"3. That the defendants Annie Gutierrez and Joe Gutierrez from the pleadings herein have made no claim whatever to the lands of said plaintiffs with water rights appurtenant thereto and there is no necessity for a decree quieting the title of the said plaintiffs to their said several tracts of land and water rights appurtenant thereto.

"4. That these Findings of Fact and Conclusions of Law, together with the Requested Findings by plaintiffs and the defendants, be filed with the Clerk of this Court to become part of the records herein."

The trial court entered its decree in conformity with the findings and conclusions announced as aforesaid from which the plaintiffs and the defendant, Annie Gutierrez, have prosecuted an appeal and cross-appeal, respectively, as already stated. Actually, in so far as the defendant (appellant) is concerned, the chief grievance against the decree is its failure to uphold a water right as to tract No. 9 and in so far as plaintiffs are concerned it is the trial court's holding that they are estopped by laches from questioning the claim of defendant, Annie Gutierrez, to a water right for tract No. 8. Ancillary questions, to be sure, are presented and argued by the parties but all such in the end sought are directed toward establishing the right of each side to the principal relief prayed as to the respective tracts of land indicated.

Title to the several tracts involved, originally, was in one Ambrosio Chavez. A division of the lands among his children and the widow, Miquelita Chavez, followed his death. The irrigable lands had one water right each in the Ambrosio Chavez ditch through which water was brought to the lands to be irrigated from the Rio Ruidoso. The division left the widow, Miquelita Chavez, seized of title to several of the tracts, including Nos. 8 and 9. The big issue in the case was whether a water right through the Ambrosio Chavez ditch for these two tracts existed in Annie Gutierrez, one of the defendants, to whom title was conveyed by Miquelita Chavez by deed dated July 2, 1942.

The trial court found and held that tract No. 9 never had a water right through the Ambrosio Chavez ditch but that, as to all other tracts ownership of which was decreed in the respective parties plaintiff and defendant, water and ditch rights existed by virtue of irrigation of said lands through

the Ambrosio Chavez ditch since 1879. This included tract No. 8 as to which the theory of plaintiffs seems to have been that, although originally possessing a water right, the same had been lost through nonuser and abandonment. The trial court seemingly was not concerned to the point of resolving whether, in fact, a forfeiture of the right through nonuser had occurred but preferred to dispose of the issue by holding that, if the water right had been lost thus, the plaintiffs were estopped by their laches from claiming the forfeiture against the defendant, Annie Gutierrez, owner of the tract. This view of the trial court's theory is confirmed, not only by the finding made on the issue in its decision, but by comment made at the conclusion of the trial before making its formal findings. The court said: "The Court further finds that Annie Gutierrez did interfere with the use of the water by some of the parties above and that she should be enjoined from any further interference. That whether or not there was any use made by Annie Gutierrez from 1913 until 1932, *Court finds that it is wholly immaterial*, where the plaintiffs have permitted the use from 1932 down to the present time on the 8 acre tract of land, Parcel No. 8." (Emphasis ours.)

A careful review of all the evidence at the trial conducted in separate hearings satisfies us there is substantial evidence to support the trial court's finding that tract No. 9 never had a water right. As testified by witnesses for the plaintiffs an arroyo, originating in tract No. 8 and running across No. 9 which gradually widened and deepened until it was 100 feet in width and about 20 feet deep, made irrigation of the latter tract impracticable. One witness, to use his language, testified "that you couldn't have gotten any water there, and then if you could have the land was too rough to irrigate." Further, that "the floods had come from Chavez Canyon and run down through and washed ditches in it." Other evidence, as for instance the price paid for the land on a sale, its omission from the inventory filed in the administration proceedings on the estate of Ambrosio Chavez, a showing that it went uncultivated over long periods of time and other testimony in like vein, certainly meet the test of substantiality. True enough, there was evidence from the defendant and her witnesses which contradicted that of the plaintiffs, not only respecting irrigation of the tract but also of language in the deed to the tract, indicating it as possessed of a water right. Nevertheless, it was for the fact finder, the trial judge, to evaluate all the evidence and state where the truth lay. We are unable to state that he erred in the inferences he drew.

As to tract No. 8, although the trial court preferred to rest its denial of an injunction against this defendant, Annie Gutierrez, to restrain her from taking

water for irrigation through the Ambrosio Chavez ditch on estoppel through laches of plaintiffs, rather than upon the ownership of a water right for said land, we find no justification in the evidence for a holding that the water right originally possessed for said tract had been forfeited by nonuser or abandonment. It is true there were long intervals between 1913 and 1932, the period in which nonuse sufficient to constitute abandonment is claimed to have occurred, when no irrigation of the lands in tract No. 8 actually took place. Nevertheless, the evidence is abundant that throughout such periods of nonuse, droughts producing a shortage of water, the progressively increasing depth and width of Chavez Canyon, which had its course across a portion of tract No. 8, all combined to render irrigation impractical or impossible. It is to be remembered that this tract was until 1942 in the ownership of the Ambrosio Chavez family. They were irrigating other tracts then owned by them and no reason is assigned by plaintiffs for their failure to irrigate this tract, as the evidence convincingly establishes they did when they could get water to and for it.

■ Under the conditions shown to exist, a forfeiture through abandonment will not take place. Pioneer Irrigating Ditch Co. v. Blashek, 41 N.M. 99, 64 P.2d 388; New Mexico Products Co. v. New Mexico Power Co., 42 N.M. 311, 77 P.2d 634. Our statutes recognize the unfairness in loss of a water right through nonuse where conditions beyond the control of the owner of such right prevent use. 1941 Comp. § 77-526. It was error for the trial court to refuse to find, as requested by the defendants, that any time tract No. 8 was not irrigated by the present owner, Annie Gutierrez, or her predecessors in title, it was due to shortage of water or other causes beyond her or their control. Inasmuch, however, as her right to water through the Ambrosio Chavez ditch for tract No. 8, to the extent claimed and decreed, was upheld on the theory of estoppel as against the plaintiffs, the error in no way harms her and, hence, does not call for a reversal.

■ The defendants have challenged the trial court's jurisdiction to proceed because the State Engineer and all water users within the Rio Ruidoso should be made parties defendant. In other words, they claim the plaintiffs may not enjoin a trespass against their water rights until all water rights in the stream system have been adjudicated. To say the least, this would impose an insuperable burden on one seeking to restrain a simple trespass. The decision of this Court in New Mexico Products Co. v. New Mexico Power Co., supra, fully meets and denies this challenge

to the jurisdiction as to the water rights here involved.

Next, it is said by counsel for defendants that the court erred in enjoining the defendant, Annie Gutierrez, because as to two of the plaintiffs, George Chavez and Fred Montes, the court found they were illegally using water from the Ambrosio Chavez ditch and, therefore, did not come into court with clean hands. The facts disclosed that these two plaintiffs, ignorantly or otherwise, were using on new lands, without the permission of the State Engineer, water which should have been placed on certain other lands to which it was appurtenant. The amount of water used was no greater than would have been consumed when properly applied but it was applied on lands for which no water right existed. It was a matter for the trial court to determine, within its discretion, whether the wrong of these two plaintiffs so soiled their hands as to deny relief altogether to all plaintiffs against a proven wrongdoer. If the defendant suffers wrong from this infraction of the irrigation code by the plaintiffs named, she has her remedy.

We find no reversible error and the judgment of the trial court will be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE and COMPTON, JJ., concur.