364 P.2d 1036

**STATE of New Mexico ex rel. S. E. REYN-OLDS, State Engineer, Plaintiff-Appellant,**

v.

**W. S. RANCH COMPANY, a corporation, Defendant-Appellee.**

No. 6726.

Supreme Court of New Mexico.

May 10, 1961.

Rehearing Denied Oct. 11, 1961.

Hilton A. Dickson, Jr., Atty. Gen., Thomas O. Olson, First Asst. Atty. Gen., Claud S. Mann, Dudley Cornell, Special Asst. Attys. Gen., for appellant.

Robertson & Skinner, Raton, Seth, Montgomery, Federici & Andrews, Santa Fe, for appellee.

NOBLE, Justice.

The trial court dismissed an action by the state engineer seeking to enjoin appellee from the diversion or use of water of the Costilla Creek in Taos County, for irrigation and filling ponds and lakes above Costilla Reservoir, because of lack of indispensable parties and appellant appealed from the order of dismissal.

Appellant, the state engineer, alleged that appellee has been using water from Costilla Creek above Costilla Reservoir to fill certain fish ponds and for the irrigation of some 1300 acres of meadow or pasture land above the reservoir; that neither appellee nor its predecessors have ever obtained a license to appropriate the water nor has it ever been adjudicated such water right by a court of competent jurisdiction; that such use by appellee deprives owners of adjudicated water rights of the use of water to which they are entitled, and makes it difficult, if not impossible, for appellant to properly supervise and apportion the water of the stream system.

The answer, among other defenses, alleged the water right vested in appellee (1) by virtue of the Costilla Creek Water Compact between New Mexico and Colorado, and (2) that appellee had acquired the right

by prescription. Appellee alleged that the lower water users on the stream were the real parties in interest and indispensable parties, and that since a construction of the interstate compact is drawn into the controversy the State of Colorado is an indispensable party.

The facts were largely stipulated. The trial court made certain findings of fact and conclusions of law but specifically said that no findings or conclusions were made as to the merits of any of appellee's claims to such water rights nor as to the merits of any of the claims of any other water users of the stream system. The trial court did hold that the other users of water from the stream system are both necessary and indispensable to a determination as to whether appellee is the owner of a valid water right and dismissed the action on the ground that the court was without jurisdiction because of a lack of indispensable parties. This appeal is from that judgment. The appeal, then, presents the questions as to whether the other water users on the stream system and the state of Colorado are indispensable parties.

The chronology of events as gathered from the stipulation is substantially the following:

All water rights, as of that date, of the Costilla Creek stream system were adjudicated in Cause No. 841 on the docket of the district court of Taos County in December, 1911, but neither appellee nor its predecessors in title were parties to that adjudication. Appellee owns all of the land on Costilla Creek above the Costilla Reservoir. Appellee's predecessor on October 22, 1941, filed in the office of the state engineer a "Declaration of Old Right" accompanied by a map or plat showing the lands and rights claimed by appellee and the use of water thereon, which bears the notation by the state engineer that it was accepted and approved for filing. It was stipulated that appellee's predecessor in title was in fact using the water as shown on the plat prior to the filing of the declaration and the court found that appellee makes a bona fide claim to the right to use such water.

The Costilla Creek Water Compact (§ 75–34–3, N.M.S.A.1953 Comp.) between New Mexico and Colorado, of which we take judicial notice, was duly entered into and ratified by the two states (Laws N.M. 1945, c. 51, Laws Colo.1945, c. 104) and approved by the Congress of the United States on June 11, 1946, 60 Stat. 246, and Art. IV (a) recites:

"The apportionment and allocation of the use of Costilla Creek water shall be as follows:

"(a) There is allocated for diversion from the natural flow of Costilla Creek and its tributaries sufficient water for beneficial use on meadow and pasture lands above Costilla Reservoir in New

Mexico to the extent and in the manner now prevailing in that area."

It is conceded that appellee and its predecessors have used water from Costilla Creek for beneficial use on meadow and pasture land above Costilla Reservoir, substantially as shown on the map filed with the declaration of old water right for a period of more than ten years prior to the Costilla Creek Compact.

Appellant relies upon the provisions of § 75-2-9, N.M.S.A.1953 Comp., which reads:

"The state engineer shall have the supervision of the apportionment of water in this state according to the licenses issued by him and his predecessors and the adjudications of the courts."

and claims that this action was instituted solely for the purpose of enjoining appellee from interfering with the state engineer's statutory duty to supervise the apportionment of the waters of the stream system in accordance with the 1911 adjudication and that the other water users are not required to be before the court for a complete determination of the issues; that the state engineer has the power and duty to enforce the state's police power to protect and apportion the adjudicated rights of water users of the stream system. Appellant then reasons that it follows that the state engineer represents all other water users and all

other citizens of the state to prevent appellant from exercising the rights it claims. With this contention we cannot agree.

■ Appellant asserts that his supervisory power over the apportionment of water grants him the authority to maintain this action to determine whether appellee has the right it is admittedly exercising and that the action is only between appellant and appellee. It was said in El Paso & R. I. Ry. Co. v. District Court, 36 N.M. 94, at page 101, 8 P.2d 1064, at page 1068:

"This court has always recognized that the jurisdiction of the state engineer to control and administer appropriation and use is no broader than as expressed in or necessarily to be inferred from the statute."

■ That the jurisdiction of the state engineer over underground water is limited see Yeo v. Tweedy, 34 N.M. 611, 286 P. 970. We have held that the state, in its exercise of the police power, may prevent the waste of water and may enjoin its taking when not applied to a beneficial use, State ex rel. Erickson v. McLean, 62 N.M. 264, 308 P.2d 983, and that the state may maintain an action to enjoin the taking of water from an underground basin in excess of or without a license where such water is subject to appropriation and the defendant makes no bona fide claim otherwise to such water. State ex rel. Bliss v. Dority, 55 N.

M. 12, 225 P.2d 1007; State ex rel. Reynolds v. King, 63 N.M. 425, 321 P.2d 200.

■ We reaffirm the principles announced in those decisions but we do not construe the statute to authorize the state engineer either in the exercise of the state's police power, or as representative of other water users, to seek an adjudication of the water rights of one making a bona fide claim thereto which would affect the rights of others, without the joinder of those persons whose rights may be affected. The rule respecting parties is stated thus in Miller v. Klasner, 19 N.M. 21, at page 25, 140 P. 1107, at page 1108:

⌐ "It is a familiar and fundamental rule that a court can make no decree affecting the rights of a person over whom it has not obtained jurisdiction, or between the parties before it, which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights."

The trial court found:

"8. The exercise by the defendant of its claimed rights to the use of water above Costilla Reservoir conflicts with and interferes with the water rights claimed by New Mexico users below Costilla Reservoir; and if the rights claimed and asserted by the New Mexico users below Costilla Reservoir are valid, then those rights are constantly being infringed and have been infringed by the defendant's use of water above Costilla Reservoir. The court makes no finding as to whether such infringement is proper or lawful."

⌐Whatever position the state engineer takes in this action, it cannot be divorced from an adjudication of appellee's claimed water right. Insofar as appellee claims a prescriptive right against the claimants below the reservoir "the use necessary to acquire title by prescription must be open, uninterrupted, peaceable, notorious, adverse, under a claim of right, and continue for a period of ten years with the knowledge or imputed knowledge of the owner" Hester v. Sawyers, 41 N.M. 497, 71 P.2d 646, 651, 112 A.L.R. 536; Martinez v. Mundy, 61 N.M. 87, 295 P.2d 209, and that claim can only be established against the owner of the right or title sought to be established by prescription. The trial court found that the rights interfered with by appellee are those claimed and asserted by the water users below Costilla Reservoir. If appellant alone can maintain this action under his claimed supervisory authority it is conceivable that the state engineer might secure an order enjoining appellee from applying the water to its lands, but that appellee, in a separate action, might be adjudged a right by prescription against the claimants below the reservoir. A judg-

ment between the parties to this action would not be res judicata between appellee and the lower water right claimants. Appellee could then be in the untenable position of having a judgment in one case decreeing it the water right it claims and in another case a judgment enjoining and prohibiting it from using the very water it has been decreed.

A somewhat similar situation was involved in Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257, 260, where appellee sought to establish an interest in a state grazing lease by an action to which the Commissioner of Public Lands was not a party. It was held that the commissioner was an indispensable party since he could not be bound by the adjudication of rights between the parties and any judgment giving plaintiff equal rights in the lease with defendant would be ineffectual. We said:

> "It would be adjudicating rights of a third party in a lease contract made between the State and defendant with an essential party, the lessor, a total stranger to the suit. This cannot be done."

See also, Rubalcava v. Garst, 56 N.M. 647, 248 P.2d 207; Keirsey v. Hirsch, 58 N.M. 18, 265 P.2d 346, 43 A.L.R.2d 929; Brown v. Gurley, 58 N.M. 153, 267 P.2d 134.

In the instant case, as in Burguete v. Del Curto, supra, any determination of appellee's rights would be adjudicating rights of third parties. Their rights cannot be affected in an action in which they are not before the court.

We set forth two of the tests to determine the real party in interest in Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045, 1077, and there reviewed the New Mexico decisions concerning indispensable parties. One of those tests was "whether he is the owner of the right sought to be enforced." The gist of the action here is to enjoin appellee from taking water which it is claimed belongs to the water users below the reservoir who have adjudicated rights. They are the owners of the rights which are sought to be enforced. See also, Reagan v. Dougherty, 40 N.M. 439, 62 P.2d 810, and State v. Barker, 51 N.M. 51, 178 P.2d 401.

The defense asserted by the appellee could not be granted without prejudice to the rights of the claimants below Costilla Reservoir, nor could the rights of such users be established against the claim of appellee in their absence, nor would a determination of the rights of either be res judicata as to the other in an action to which such person was not before the court. Under the above finding of the trial court, any determination of appellee's claimed water right would be a determination of adverse claims between appellee and the claimants below the reservoir. All persons who have an interest in the sub-

ject and object of the action and all persons against whom relief must be obtained to accomplish the object of the actions are indispensable parties. McLean v. Farmers' Highline Canal & Reservoir Co., 44 Colo. 184, 98 P. 16.

■ By the allegation that appellee's continued application of the water to its lands interferes with the apportionment of the water of the stream to those asserted to have adjudicated water rights the action here is obviously for the benefit of those claiming adjudicated rights, but the state engineer does not represent those who claim such rights in the sense that he can alone maintain a representative action in their behalf against one claiming a bona fide adverse right. The state engineer is a proper party, but appellee who is using the water, and the water users below the reservoir, whose claimed rights are being infringed by appellee, are the real parties in interest, insofar as the controversy between them is concerned and without them there can be no complete determination of the issues. Burguete v. Del Curto, supra; American Trust & Savings Bank of Albuquerque v. Scobee, 29 N.M. 436, 224 P. 788; Humboldt Land & Cattle Co. v. Allen, D.C., 14 F.2d 650; 2 Barron & Holtzhoff, Federal Practice & Procedure, § 516.

■ The trial court did not determine, nor do we, whether a water right is subject to being acquired by prescription. A determination of that legal question, likewise, requires the presence of all persons who would be affected by the question being resolved.

■ Appellee bases its claim to divert and apply water to its land above Costilla Reservoir, in part upon the language of Article IV (a) of the Costilla Creek Compact which we have heretofore quoted, and urges that the State of Colorado is an indispensable party because a construction of the interstate compact is drawn into this controversy. The trial court did not determine whether the State of Colorado or Colorado water users are indispensable parties. The trial court did find that the evidence indicates that both the State of Colorado and Colorado water users assert or may assert claims to the waters of Costilla Creek below the reservoir, but specifically made no findings concerning such claims.

In Hinderlider v. La Plata River & Cherry Creek Ditch Co., 304 U.S. 92, 58 S.Ct. 803, 82 L.Ed. 1202, it was held that an apportionment of water made by compact between states with the consent of Congress is binding upon the citizens of each state and all water claimants. This action is not a controversy between claimants of water rights below Costilla Reservoir and either the State of Colorado or water users within that state. Any controversy which may exist between them or

which may result from a determination of this litigation is not involved in this action. The dispute here is solely between the parties hereto and between appellee and the New Mexico water users below Costilla Reservoir. We hold that the Colorado water users are not indispensable parties to this action.

It was held in Hinderlider that the State of New Mexico was not an indispensable party even though a construction of the compact was drawn into the controversy. Appellee strongly argues that Hinderlider was based upon a different situation and is not in point here on the question of parties. We disagree.

American Trust & Savings Bank of Albuquerque v. Scobee, supra, is not controlling in requiring the State of Colorado as a party, as asserted by appellee. There a contract purchaser of state lands sought to remove the cloud of oil and gas leases subsequently issued by the Commissioner of Public Lands upon the theory that the state was without authority to reserve minerals by its contract with the purchaser. The Commissioner of Public Lands was held to be an indispensable party because plaintiff could only recover by establishing that its contract with the state was another and different contract than shown by its terms. However, in that case, we held

that one claiming title may maintain an action against persons claiming rights therein, notwithstanding the rights of the state may be indirectly involved. Tindal v. Wesley, 167 U.S. 204, 17 S.Ct. 770, 42 L.Ed. 137, and United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171. It follows that the State of Colorado is not an indispensable party to this action. Other questions presented and argued need not be determined on this appeal.

We conclude that the New Mexico claimants of water rights below the Costilla Reservoir are necessary and indispensable parties to this action, and to that extent the judgment of the trial court is affirmed. However, the trial court is instructed to vacate and set aside its judgment and to enter a new judgment dismissing the action but with leave to reinstate the action upon making the New Mexico claimants to water rights of the Costilla Creek system below Costilla Reservoir parties thereto, and for such other proceedings as may be required not inconsistent with the views expressed herein.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and MOISE, JJ., not participating.