519 P.2d 298

**Ross MAY, Plaintiff-Appellant,**

v.

**P. D. TORRES, Defendant-Appellee.**

**No. 9746.**

Supreme Court of New Mexico.

Feb. 22, 1974.

519 P.2d 298

Hughes & Jeffreys, Deming, for plaintiff-appellant.

I. M. Smalley, Deming, for defendant-appellee.

## OPINION

OMAN, Justice.

Plaintiff brought suit against defendant in the district court seeking (1) a determination of the respective rights of the parties to the flow of water in China Draw, (2) an injunction commanding defendant to refrain from diverting more than his share of water from the draw, and (3) damages for losses allegedly sustained by plaintiff as a result of defendant's claimed unlawful diversion of waters from the draw.

The parties own or control adjoining ranch properties. Plaintiff alleged and defendant admitted:

That the waters of China Draw "drained through a portion of defendant's ranch, and by natural course, onto plaintiff's ranch."

"That plaintiff and his predecessors to such property have had, and made, beneficial use of the waters flowing down China Draw continually since conducting grazing operations thereon."

In his answer, defendant alleged that he "has also made beneficial use of waters flowing down China Draw continually for his grazing operations thereon."

The case came on for trial on December 20, 1972. A brief dialogue between the trial court and trial counsel was initiated by the court. This dialogue related solely to the fact that neither party had received a permit from the State Engineer to appropriate waters from China Draw, and neither had filed an application to appropriate any of these waters prior to his actual use thereof. This dialogue ended with the announcement by the trial court that: "The case will be dismissed." An order was entered dismissing the case with prejudice upon the following recited grounds:

"* * * [T]he plaintiff having presented his Memorandum Brief to the Court by way of letter addressed December 15th, 1972, and both parties having answered ready to the inquiry by the Court.

"The Court reading from the said Brief and plaintiff's attorney asserting that the condition expressed in the said Brief was correct wherein plaintiff asserts that no applications were on file for permits with the State Engineer prior to defendant's diversion of water.

"And it further appearing that under Section 75–5–1 of the New Mexico Statutes Annotated, the plaintiff has filed his Notice of Intention to Make Formal Application for Permit to appropriate all waters of China Draw within one year from October 31st, 1972, that the same was considered as a Notice of Intention to Make Formal Application for Permit, and that no permit had been granted.

"And it further appearing to the Court that the plaintiff has not exhausted his administrative remedies in accordance with Section 75–5–29 of New Mexico Statutes Annotated, and that this action is premature.

"And it further appearing that until the said plaintiff has exhausted his rights under administrative procedure according to New Mexico Statutes, this Court does not have jurisdiction and the said case should be dismissed."

**64**

■ We are of the opinion that the trial court erred. This was a suit in which the parties sought an adjudication of their respectively claimed rights to the use of waters of the draw. The fact that neither had secured a permit from the State to beneficially use the waters, did not necessarily prevent the acquisition by either or both of rights to the beneficial use of waters from the draw by appropriation, and did not necessarily prevent the acquisition of rights to the use of these waters by either as against the other. We cannot tell from the record when these claimed rights were supposedly acquired by the parties. Clearly, if they were acquired pursuant to common law appropriations by the parties or their predecessors in interest prior to the enactment of our first Water Code [Ch. 49, Laws of 1907], these rights were in no way dependent on the existence of an application to or a permit from the State Engineer. See N.M.Const. art. XVI, § 1; § 75–8–1, N.M.S.A.1953 (Repl. Vol. 11, pt. 2, 1968); Harkey et al. v. Smith et al., 31 N.M. 521, 525, 247 P. 550, 551 (1926).

■■ The unappropriated waters of every natural stream or watercourse belong to the public and are subject to appropriation for beneficial use. N.M.Const. art. XVI, § 2; § 75–1–1, N.M.S.A.1953 (Repl. Vol. 11, pt. 2, 1968). If China Draw is not in fact a natural stream or watercourse as defined in § 75–1–1, supra, then our Water Code [Ch. 75, N.M.S.A.1953 (Repl. Vol. 11, pt. 2, 1968)], under which permits for appropriation are required, is not applicable to the surface waters to which the parties claim rights. If this draw does constitute a natural stream or watercourse, if there are unappropriated waters therein, and if the parties to this suit have been making beneficial use thereof as they have

alleged, then they are entitled to have their respective rights to this use and to the flow of these waters adjudicated as between themselves, even though this adjudication will not affect the rights of the State in these waters. Compare Carlsbad Irr. Dist. v. Ford, 46 N.M. 335, 128 P.2d 1047 (1942), in which two cases were consolidated for trial and appeal.

In the Carlsbad cases, the Irrigation District, on behalf of beneficial owners of the right to use waters from the Pecos River, sought and secured injunctive relief against defendants, who had no right to the use of the waters of the river. Defendants were restrained from diverting waters therefrom, even though the waters which defendants were diverting may have been unappropriated waters. In this regard, the court twice stated in its opinion that the right to use or control the waters in question was in the Irrigation District, or these were *unappropriated waters of the State of New Mexico,* and defendants had shown no right in themselves under our Irrigation Code or otherwise.

Also compare the statements concerning legally enforceable rights based upon mere possession contained in Goss v. Bisset, 411 S.W.2d 50, 53 (Ky.1967); Rohner v. Neville, 230 Or. 31, 39, 365 P.2d 614, 617, 368 P.2d 391 (1961); VI–A American Law of Property, § 2812 at 37 (A. J. Casner ed. 1954); 73 C.J.S. Property § 14 at 200 (1951).

The order dismissing the case with prejudice should be reversed and the cause remanded to the district court for trial on the issues properly presented by the pleadings.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.