893 P.2d 487

**LA MADERA COMMUNITY DITCH ASSOCIATION, Steve High, and Samuel H. Bregman, II, Petitioners–Appellants,**

v.

**SANDIA PEAK SKI COMPANY, Respondent–Appellee.**

No. 15435.

Court of Appeals of New Mexico.

March 7, 1995.

**592**

Jacqueline De Oliveira Bregman, Albuquerque, for petitioners-appellants.

Lester K. Taylor, Teresa Isabel Leger, Nordhaus, Haltom, Taylor, Taradash & Frye, Albuquerque, for respondent-appellee.

Tom Udall, Atty. Gen., Rebecca Dempsey, Sp. Asst. Atty. Gen., Santa Fe, for amicus curiae State Engineer.

## OPINION

FLORES, Judge.

La Madera Community Ditch Association and two of its watershed system water users (collectively, La Madera) appeal from the district court's order dismissing their case. The sole issue on appeal is whether La Madera was required to seek a full stream adjudication before the district court could consider its trespass claim and thus, whether the district court erred in dismissing La Madera's petition for trespass for failure to join all other water users in the stream system as indispensable parties. We reverse.

### BACKGROUND

On June 30, 1992, La Madera filed an amended petition against Sandia Peak Ski Company (Sandia Peak) seeking a preliminary injunction, a permanent injunction and declaratory judgment, and damages, due to the alleged trespass upon, and impairment of, La Madera's existing surface and underground water rights. Basically, La Madera's claims were that it had valid water rights in the La Madera watershed; that its water rights were senior to those of Sandia Peak; and that Sandia Peak was trespassing upon, or interfering with, the use of its water rights.

On July 7, 1993, the district court entered a pre-trial order, in which La Madera narrowed its claims to a declaratory judgment recognizing its surface water rights and to an injunction prohibiting Sandia Peak from continuing to use its junior water rights to trespass on La Madera's senior water rights.

Thereafter, Sandia Peak filed a motion to dismiss La Madera's cause of action, contending that in an action brought for the determination of water rights of a stream system, all claimants to the use of such water were required to be joined as necessary and indispensable parties, and that La Madera had failed to do so. On January 4, 1994, the district court entered an order granting Sandia Peak's motion to dismiss; however, it allowed La Madera forty-five days from the entry of the order to file an amended petition joining all known and unknown parties who claimed the right to use the waters of La Madera watershed. After being advised that La Madera did not intend to file an amended petition, the district court entered an order dismissing the case. La Madera appeals from this order of dismissal.

### DISCUSSION

■ La Madera agrees with the general rule that if a person's interests are necessarily affected by the judgment in a particular case, such person is an indispensable party. *See Sanford v. Stoll,* 86 N.M. 6, 7, 518 P.2d 1210, 1211 (Ct.App.1974); *see also State ex rel. Sweet v. Village of Jemez Springs,* 114 N.M. 297, 299 n. 1, 837 P.2d 1380, 1382 n. 1 (Ct.App.1992) (New Mexico makes no distinction between indispensable or necessary parties). However, La Madera contends that in the present case, the issues before the district court are to determine whether La Madera has a valid water right and whether Sandia Peak has committed a trespass against La Madera. Since the case is based on trespass, and involves only these two parties, La Madera argues that no other water claimants will be adversely affected by the court's determination; thus, it is not required to seek a full stream adjudication and join other water users as parties-defendant. We agree.

Sandia Peak, in support of its position that all other persons claiming a water right in the La Madera watershed are indispensable parties, cites NMSA 1978, § 72–4–17 (Repl. 1985), which requires that "[i]n any suit for the determination of a right to use the waters of any stream system, all those ... other claimants, so far as they can be ascer-

tained, with reasonable diligence, shall be made parties." Sandia Peak contends that this statutory requirement serves the following purposes: (1) avoids piecemeal litigation by including all claimants to the water source; (2) enables the court to decide the water rights and priorities of every water user in the water stream; and (3) ensures that the court's decision will bind the real parties in interest, those whose permitted rights may be affected by a party's claim to a senior right.

■ Although we agree in part with the interpretation of Section 72–4–17 advanced by Sandia Peak, we do not read the statute to require the joinder of all water users in any action seeking an adjudication of the priority water rights between two appropriators. Here, La Madera is simply seeking to enjoin a trespass upon a right it claims it had since 1855. Therefore, the adjudication provisions of Section 72–4–17 do not apply in this instance, and La Madera's trespass claim can be maintained without joinder of all stream users or a full stream adjudication. *See Chavez v. Gutierrez,* 54 N.M. 76, 82, 213 P.2d 597, 601 (1950).

Moreover, we are not persuaded that La Madera's cause of action is transformed from one based on trespass against Sandia Peak, to one based on an adjudication of water rights against all other appropriators of the water system, simply because Sandia Peak disputes whether La Madera has any vested water rights. The effect of any determination that La Madera has a valid, vested water right would be binding only upon the parties to the present case. To require La Madera to join all other appropriators of the water system would effectively convert any cause of action involving an alleged interference with the water rights of another into a costly and complex water adjudication anytime one party's rights were called into question. We do not interpret Section 72–4–17 to require such joinder. *See Chavez,* 54 N.M. at 82, 213 P.2d at 601; *see also May v. Torres,* 86 N.M. 62, 64, 519 P.2d 298, 300 (1974).

Sandia Peak also contends that the instant case is comparable to *City of Albuquerque v. Reynolds,* 71 N.M. 428, 379 P.2d 73 (1962) and *State ex rel. Reynolds v. W.S. Ranch Co.,*

69 N.M. 169, 364 P.2d 1036 (1961). We do not agree. In *City of Albuquerque,* the City sought to secure judgment of the district court adjudicating its right to a pueblo water right paramount to the water rights of all appropriators in the Rio Grande underground water basin. 71 N.M. at 431, 379 P.2d at 75. The only parties to the lawsuit were the City of Albuquerque and the State Engineer, and there was no notice of any kind to other water appropriators. *Id.* at 431, 433, 379 P.2d at 75, 76. Our Supreme Court, determining that the district court had no jurisdiction to consider and adjudicate the claimed water rights, held that the State Engineer could not adjudicate the water rights of one making a claim thereto, which would affect the rights of others, without notice and hearing so that those who are to be bound or affected by a judgment may have their day in court. *Id.* at 434, 379 P.2d at 77. Here, however, La Madera seeks to determine the water rights only of the parties to the lawsuit, not those of third parties. La Madera does not claim that it has a prior and paramount right to use the water in the La Madera stream system to the exclusion of all other appropriators. It is not necessary to consider whether La Madera's right is the most senior right in the entire stream system in order to determine whether Sandia Peak is committing a trespass. Thus, only the parties to this trespass action will be bound by any findings which the district court might make regarding the nature and extent of their water rights.

In *W.S. Ranch Co.,* our Supreme Court stated that "[a]ll persons who have an interest in the subject and object of the action and all persons against whom relief must be obtained to accomplish the object of the actions are indispensable parties." 69 N.M. at 174–75, 364 P.2d at 1040. However, we find that *W.S. Ranch Co.* is also distinguishable from the instant case. In that case, the State Engineer sued to enjoin the Ranch Company from using or diverting any water from the Costilla Creek, alleging that such use was depriving the downstream users of their adjudicated water rights. The Ranch Company's position was that it had acquired a prescriptive right against the downstream water

users. The downstream water users were not joined in the lawsuit. The Court held that the State Engineer was not authorized to bring an action seeking an adjudication of water rights against a party claiming a prescriptive right without joinder of the water users whose rights were allegedly being interfered with. *Id.* at 173–74, 364 P.2d at 1038–40. Since a prescriptive claim "can only be established against the owner of the right or title sought to be established by prescription," *id.* at 173, 364 P.2d at 1039, the Court concluded that, under the facts there presented, joinder of certain other water users was required. *Id.* at 176, 364 P.2d at 1041. The present case, however, differs from *W.S. Ranch Co.* in that La Madera's right is not prescriptive in nature and, therefore, does not impact upon any third party's rights in the same way.

We further note that in *W.S. Ranch Co.* the Court never cited to any other case in which trespass actions were allowed to proceed without prior adjudication of the rights involved. The Court was concerned with the representative capacity and authority of the State Engineer and rules regarding real parties in interest, and not with trespass.

We believe the instant case is more analogous to *Chavez.* The issue raised here, whether a full stream adjudication is a prerequisite to a trespass action, was addressed in *Chavez.* In *Chavez*, the plaintiffs sued to enjoin a trespass by defendants against plaintiffs' water rights. Defendants challenged the district court's jurisdiction, contending that the State Engineer and all water users within the Rio Ruidoso should be joined as parties-defendant. Basically, defendants claimed that the plaintiffs could not enjoin a trespass against their water rights until all water rights in the stream system had been adjudicated. Our Supreme Court rejected defendants' jurisdictional challenge, stating: "To say the least, this would impose an insuperable burden on one seeking to restrain a simple trespass." *Chavez*, 54 N.M. at 82, 213 P.2d at 601.

Sandia Peak argues that *Chavez* is distinguishable because the defendants in that case had no water rights, while here Sandia Peak has a lawful water right to the use of water in the La Madera watershed. We believe this is a distinction without difference. Just as the district court in *Chavez* was capable of determining whether the plaintiffs and the defendants had any water rights, the district court in the present case can factually determine whether La Madera and Sandia Peak possess water rights and, if so, which rights have priority. In the present case, merely because Sandia Peak may possess a valid claim as a junior appropriator does not operate to excuse the trespass. Whether the trespass is committed by one who has no right to use the water at all or by one who is using a permitted right to the detriment of a senior right, as in the present case, makes no significant difference. In either situation, the requirement of a full stream adjudication is just as unreasonable.

Furthermore, we do not agree with Sandia Peak's position that *W.S. Ranch Co.* overruled *Chavez.* Our Supreme Court did not mention *Chavez* in *W.S. Ranch Co.* We will not assume that the Court reversed a well-established rule of law *sub silentio.*

Finally, Sandia Peak contends that because La Madera seeks the adjudication of the priority of water rights just between La Madera and Sandia Peak and because the priority of water rights vis-a-vis all other stream users would not be adjudicated, a multiplicity of litigation would result if the district court held that La Madera had a prior and paramount water right. Specifically, Sandia Peak argues that if it were enjoined in this action due to a finding that La Madera had a senior water right, then it would be required to bring a separate action against junior water users in the stream system in order to avoid the effects of the injunction. Likewise, a determination of the point of diversion could prejudice existing permitted water rights which are senior to Sandia Peak, but possibly junior to La Madera.

We agree that Sandia Peak has a valid concern about multiplicity of actions regarding appropriators with priorities equal or junior to its own, who may be contributing to the depletion of La Madera's water supply. *See Bender v. District Court*, 133 Colo. 12, 291 P.2d 684, 687 (1955) (en banc) (appropria-

tors whose rights are equal or junior to the defendant's rights, termination of which may satisfy the senior's right and thereby negate or lessen defendant's liability, joined as necessary parties). Thus, if termination of those more junior uses would satisfy La Madera's water rights or lessen the amount by which Sandia Peak must reduce its appropriations to satisfy La Madera's water rights, the junior appropriators should be made parties. In this regard, we believe it is Sandia Peak's responsibility to identify such appropriators. Sandia Peak, as the movant to dismiss for failure to join necessary and indispensable parties, is to make the evidentiary showing necessary to establish that such parties exist. *See United Nuclear Corp. v. State ex rel. Martinez,* 117 N.M. 232, 235, 870 P.2d 1390, 1393 (Ct.App.1994) (burden is on movant to convince court that motion should be granted). On the other hand, if termination of the more junior uses would in no way lessen Sandia Peak's potential liability, then Sandia Peak would have no claim against them and they need not be joined.

## CONCLUSION

For the foregoing reasons, we reverse the district court's order of dismissal and remand with instructions that the district court reinstate this case on its docket and require or permit joinder of all appropriators with priorities equal or junior to those of Sandia Peak, if Sandia Peak shows that their diversions may be impairing La Madera's water rights and if termination of their diversion would lessen or negate Sandia Peak's liability. La Madera is awarded costs on appeal.

**IT IS SO ORDERED.**

DONNELLY and PICKARD, JJ., concur.